Agardy, Appellant, v. Pleasant Hills Borough.

Argued October 6, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES and COHEN, JJ.

L. *Kenneth Harkins,* for appellants.

*Louis Rosenberg,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 5, 1959:

The original landowner of Plan No. 6 in the Borough of Pleasant Hills divided his land into a plan of lots, made dedication of certain strips as public streets, and then covenanted for himself, assigns and purchasers of the lots not to sue for damages for future changes in the grades of the streets.

All the lots in the development were sold by reference to the recorded plan. A purchaser of one of the lots (appellants) appealed to the court of common pleas for damages to their land and buildings as a result of a change in grade of the street in front of their property, after a board of viewers awarded what the appellants thought were inadequate damages. At the trial before the lower court the appellants introduced in evidence the deed through which they claimed title, which deed contained a reference to the plan of lots. Since the plan of lots contained a release of damages for the change in grade of the streets dedicated by the plan, the trial judge directed a verdict for the Borough from which action the appellants now appeal.

Appellants are here on a variety of trial and pre-trial errors. We will only discuss the controlling ones. It is clear that when the appellants introduced their deed containing a reference to the plan, the plan was made a part of the deed in the conveyance and it constituted a dedication of streets and public ways as though the plan were part of the writing. *Vinso v. Mingo,* 162 Pa. Super. 285, 288, 57 A. 2d 583 (1948).

The lower court was correct in holding that successors in title to a recorded release agreement not to sue are effectively barred. In *Caplan v. City of Pittsburgh*, 375 Pa. 268, 274, 100 A. 2d 380 (1953), this Court said: "... The contract—for that is what the covenant is —provides that when the city widened the street and ... took the designated portion of the land, the grantee promised not to sue for damages and therefore waived same. This constituted an effective *release*. Such a proceeding created no interest *in futuro*, but *presently released* all future damages. The grantee made this covenant not only for himself but for 'his successors' as well. ... The grantee having *released* the city from liability for damages, for a valuable consideration, and having recorded the instrument, any future transfers of title were with notice and therefore subject to such covenant. ... We have consistently decided that a recorded release or agreement not to sue, binds not only the covenantor but his successors in title."

Appellants contend that to prove a valid acceptance of the dedication it was necessary that the Borough pass an acceptance ordinance. While no formal ordinance of acceptance was enacted there are numerous references in the record indicating official action by the Borough. In their petition for leave to appeal from the award of the board of viewers, the appellants allege official acts authorizing the advertisement for construction bids, the award of the bids to the construction company, and the official commencement of the grading project. These official acts are sufficient to conclude acceptance by the Borough even without considering the extended public use of the streets. Whether these acts which were undisputed are indicative of acceptance is a question of law to be determined by the trial judge. *Easton v. Koch*, 152 Pa. Super. 327, 336, 31 A. 2d 747 (1943).

We find no error in the court's determination that these acts indicated an official acceptance of the dedicated streets. It is unnecessary for a borough to enact a specific acceptance ordinance in order to accept the dedication of a street. The acceptance is indicated when official action is taken for the construction, repair, or grading of the streets, *Pittsburgh v. Pittsburgh & Lake Erie RR Co.*, 263 Pa. 294, 302, 106 Atl. 724 (1919), or laying of sewer lines, *Philadelphia v. Thomas's Heirs*, 152 Pa. 494, 497, 25 Atl. 873 (1893).

Since the streets were dedicated and accepted by the Borough, and since the appellants purchased their lots from a plan which released the lots from any damages from grading improvements by the Borough, appellants are precluded from legal remedy and the action of the court below must be sustained.

Judgment affirmed.