## Richmond

OCEAN ISLAND INN, INC. V. CITY OF VIRGINIA BEACH.

December 1, 1975.

Record No. 740892.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*William T. Prince (John Franklin, III; Williams, Worrell, Kelly & Greer,* on brief), for appellant.

*J. Dale Bimson,* for appellee.

POFF, J., delivered the opinion of the court.

The ultimate issue on this appeal is whether an offer of dedication[1] of streets in a subdivision platted by a predecessor in title to Ocean

---

[1] In case law, the word "dedication" is sometimes used to mean an offer of dedication and sometimes a dedication consummated by an acceptance. To distinguish be-

Island Inn, Inc., was effectively accepted by the City of Virginia Beach or its governmental predecessor, Princess Anne County.[2] The chancellor resolved that issue in favor of the city.

In 1926, Lynnhaven Shores, Inc., recorded a subdivision plat[3] of its property lying in Princess Anne County along the southern shore of Chesapeake Bay just east of Lynnhaven Inlet. The plat depicted Ocean Avenue, a 100 foot wide street running parallel to the shoreline on the north and to blocks 2 and 3 on the south; Page Avenue, a street south of and parallel to blocks 2 and 3; Atlantic Avenue (now Shore Drive), a street south of and approximately parallel to Page Avenue; and Jordan Street (now Jade Street), a 60 foot wide street running north from Atlantic Avenue to Ocean Avenue between block 2 on the west and block 3 on the east.

The owner expressly reserved the fee in all streets. Subsequent to the time the plat was recorded, natural accretion caused the land lying between Ocean Avenue and the mean low water mark of the bay to increase to a width of approximately 250 feet. In 1959, a successor in title to the subdivider surrendered its corporation charter, and a receiver was appointed to execute deeds of correction conveying to owners of certain lots in blocks 2 and 3 the fee in Ocean Avenue and the expanded beach area opposite their lots. The receiver was also authorized to liquidate all other assets in the subdivision, and in 1966, he conveyed those assets, including the fee in the streets remaining, to one James Luster. By deed dated November 20, 1970, complainant acquired a portion of Luster's property from one of Luster's successors in title.

The land conveyed to complainant included, *inter alia*, the land in Jade Street between the northern line of Page Avenue and the northern line of Ocean Avenue, the property at issue on this appeal. To facilitate identification in this opinion, we divide the subject property into two parcels. Parcel A is the 60 foot by 175 foot portion of Jade Street between the northern line of Page Avenue and the southern line of Ocean Avenue. Parcel B is the 60 foot by 100 foot portion of Jade Street between the southern line of Ocean Avenue and the northern line of Ocean Avenue; this portion of Jade Street is also a portion of Ocean Avenue. The 1970 deed referred to parcel B

tween the two concepts, we will identify the former as an "offer of dedication" and the latter as a "completed dedication".

[2] Hereinafter, we refer to Ocean Island Inn, Inc., as "complainant" and to the City of Virginia Beach or its predecessor as "the city".

[3] A facsimile of the plat appears at the foot of this opinion.

as "a closed portion of Ocean Avenue", and conveyance of parcel A was made "subject to the rights of the public, if any, . . . in and to the use of said Jordan Street (now Jade Street)."

Prior to acquisition of the subject property, complainant had constructed a motel on adjacent land in block 3. In 1971, complainant surfaced a portion of the subject property and installed fences, curbing, and outdoor lighting. Later that year, under a building permit granted by the city, complainant commenced construction of a "recreation shed" on parcel A. The city then issued a stop work order and directed complainant to remove the improvements, asserting that the structures "are in violation of the City Zoning Ordinance since they are located on a dedicated street right-of-way."

Complainant filed a bill of complaint praying that the city "be temporarily and permanently enjoined from wrongfully interfering or trespassing upon its real property". After granting a temporary injunction, the chancellor heard the cause on evidence *ore tenus* and the several exhibits.

By final decree entered May 15, 1974, the chancellor ruled that an offer of dedication of "all of Jade Street and Ocean Avenue" had been made; that the offer had been effectively accepted "before withdrawal . . . by plaintiff's predecessors in title"; and that "the right of the public to the use of [parcels A and B] is vested in the City of Virginia Beach". The chancellor denied complainant's prayer for a permanent injunction and, in legal effect, dissolved the temporary injunction.

■ Preliminarily, complainant's position is that, assuming an effective acceptance of the offer of dedication, such acceptance postdated revocation of the offer. Complainant contends that the 1959 court order authorizing the receiver to convey the fee in the streets to third parties, and the receiver's deeds executed under that authority, constituted a revocation of the offer of dedication. We disagree. The subject of that offer was an easement, a property interest distinct from the fee and an encumbrance upon it. While revocation of an offer of dedication may be implied from an act of the dedicator inconsistent with the purpose contemplated in his offer, 11 E. McQuillin, *Municipal Corporations* § 33.60 (796-98) (3d ed. rev. 1964), conveyance of the fee in these streets was subject to the outstanding encumbrance and was an act fully consistent with the enjoyment of the easement originally offered.

■ Complainant's principal argument is that the offer of dedication was never effectively accepted.

The chancellor's ruling that there had been an effective acceptance was based on alternative grounds, *viz.,* long public user of the subject property; the dedicatee's action "in refusing [complainant's petition] to close" parcel A and "in leaving open" parcel B at the time Ocean Avenue was closed in 1954; and the dedicatee's action "in opening and developing" other platted streets and in installing and franchising public utilities in those streets.

Recordation of a subdivision plat and sale of lots by reference thereto manifest an intent to make available for public use the platted streets (or easements therein) and constitute a common law offer of dedication. *See Payne* v. *Godwin,* 147 Va. 1019, 1024, 133 S.E. 481, 482 (1926). Since a completed dedication imposes the burden of maintenance and potential tort liability upon the public, a dedication does not become complete until the public or competent public authority manifests an intent to accept the offer. Such intent can be manifested expressly; by implication from public user of requisite character, *Buntin* v. *Danville City,* 93 Va. 200, 204-205, 24 S.E. 830 (1896); or by implication from an "exercise of jurisdiction and dominion" by the governing authority, *Staunton* v. *The Augusta Corporation,* 169 Va. 424, 436, 193 S.E. 695, 699 (1937).

Thus, in determining whether an offer of dedication has been accepted by implication, courts have looked to such governmental actions as installing or franchising public utility lines in or across a street, *Greenco Corp.* v. *City of Virginia Beach,* 214 Va. 201, 198 S.E.2d 496 (1973); opening and paving a street, *Agardy* v. *Borough of Pleasant Hills,* 394 Pa. 350, 147 A.2d 366 (1959); *Indian Rocks Beach South Shore* v. *Ewell,* 59 So.2d 647 (Fla. 1952); *Caruthersville* v. *Huffman,* 262 Mo. 367, 171 S.W. 323 (1914); and repairing a street, *Town of Woodstock* v. *Cleveland,* 125 Vt. 510, 218 A.2d 691 (1966). *See also City of Richmond* v. *Gallego Mills Co.,* 102 Va. 165, 45 S.E. 877 (1903) where we considered the extension, repair, and collection of tolls for the use of a sewage culvert as "evidence of acceptance".

The chancellor found that some of the streets in the subdivision had been opened and improved. Complainant introduced a map dated December 27, 1973, entitled "Physical Survey" depicting the subject property and some of the neighboring streets. That map shows "15' Macadam Pavement" in Jade Street south of the subject property; "Conc. Pavement" in Page Avenue; "Blacktop Pavement" in Shore Drive; "C. & P. Pole" and "V.E.P.Co. Pole" in Jade Street south of the subject property; and "V.E.P. Pole" in Page Avenue

near the southeast corner of the subject property. Complainant also introduced photographs of this area showing the pavement in the streets, the utility poles and wires, and municipal street signs.

Two city maps and testimony related thereto, admitted over complainant's objection, showed that water, sewer, gas, telephone, and electric lines had been installed under and above ground in Jade Street south of Page Avenue and in other streets in the subdivision. Complainant assigns error to the admission of this evidence on the ground that it was hearsay. Since we are of opinion that evidence introduced by the complainant was sufficient to support the chancellor's finding concerning improvements in these streets, we need not decide that question. The error, if any, was harmless.

The improvements the city made were acts of dominion and control, and as to the streets in which they were made, the offer of dedication was effectively accepted and dedication became complete. We now consider whether such acceptance extended to the subject property.

This question, of course, would not be relevant as to any part of the subject property closed by formal action of the city. But there was no such closure. In 1971, the city council expressly rejected complainant's petition to close parcel A. Complainant contends that a resolution adopted by the city's governmental predecessor in 1954 closed parcel B. The chancellor found, and we agree, that this resolution, which made specific reference to the petition on which it was based, applied only to those portions of Ocean Avenue identified in the petition as abutting blocks 2 and 3. It did not apply to, and therefore did not close, that portion of Ocean Avenue which coincides with a portion of Jade Street (parcel B).[4]

Because the public cannot be compelled to assume all of the burdens acceptance of an offered dedication in its entirety would entail, an offer may be accepted in part and rejected in part. Where there has been an acceptance in part and no express rejection of the remainder, there is much diversity of opinion as to whether acceptance of part constitutes an acceptance of the whole. *See* McQuillin, *supra*

---

[4] We observe in passing that complainant's position that parcel B was closed by resolution in 1954 is inconsistent with the position it assumed in 1972 when it filed a second petition. Unlike the first petition which asked for closure of parcel A, the 1972 petition asked for closure of both parcel A and parcel B. Complainant's 1972 petition to close all of Jade Street from Page Avenue to the northern line of Ocean Avenue, although filed on advice of counsel and withdrawn before the city acted upon it, was a tacit recognition that all of the subject property was an open public street.

at § 33.57 (784-85); 2 G. Thompson, *Real Property* § 372 (503) (1961).

In *Va. Hot Springs Co.* v. *Lowman*, 126 Va. 424, 435, 101 S.E. 326, 330 (1919), we said:

> "In *Village of Lee* v. *Harris*, 206 Ill. 428, 69 N.E. 230, 99 Am. St. Rep. 176, it was held that acceptance by a city or village of some of the streets and alleys appearing on a plat is an acceptance of the entire system of streets and alleys so appearing, unless an intention to limit the acceptance is shown."

Adopting a modified version of the partial acceptance doctrine enunciated in *Harris*, we hold that where a governing body has accepted part of the streets appearing on a recorded plat and no "intention to limit the acceptance" is shown, such partial acceptance constitutes acceptance of all of the streets, provided the part accepted is sufficiently substantial to evince an intent to accept the comprehensive scheme of public user reflected in the plat. As we have said, the exercise of jurisdiction and dominion over Page Avenue, Shore Drive, and the southern segment of Jade Street, clearly a substantial part of the street system shown on the plat, constituted acceptance of those streets. Since no intent to limit the acceptance was shown, acceptance of those streets was an acceptance of all platted streets, including parcels A and B.

The result we reach is reinforced by application of another partial acceptance rule. This rule, followed in most jurisdictions, holds that ". . . acceptance of a part of a single street is an acceptance of the entire street." 2 Thompson, *supra.* Here, acceptance of the southern segment of Jade Street was an acceptance of the entire street north to the northern line of Ocean Avenue. While we have never had occasion to apply this rule to facts identical to those before us now, we have applied it in an analogous factual context. In *Va. Hot Springs Co.* v. *Lowman, supra,* and in *Greenco Corp.* v. *City of Virginia Beach, supra,* the part accepted was narrower than that offered for dedication, and in both cases we held that acceptance of the part was acceptance of the whole. The only factual difference here is that the part accepted is shorter, rather than narrower, than that offered.

Because we agree with the chancellor's ruling that acceptance of some of the streets was an effective acceptance of parcels A and B, it is unnecessary to consider other grounds upon which his ruling

was based. Nor do we consider complainant's argument that acceptance based upon such other grounds was ineffective because it was not made "within a reasonable time". *Va. Hot Springs Co.* v. *Lowman, supra,* 126 Va. at 434, 101 S.E. at 330. Since complainant raised no "objection requiring a ruling of the trial court" on the ground that the acts of dominion over some of the streets were delayed for an unreasonable time, that question is not properly before us. Rule 5:7.

Finding no reversible error in complainant's assignments of error, we affirm the chancellor's ruling that the offer of dedication was effectively accepted and that "the right of the public to the use of [parcels A and B] is vested in the City of Virginia Beach".

*Affirmed.*