## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Frances H. Gue et al.

v.

City Council of the City
of Alexandria et al.

April 28, 1982

Case No. (Chancery) 11698

By JUDGE WILEY R. WRIGHT, JR.

When commenced, this suit challenged the legality of certain actions taken by the City of Alexandria in failing to approve a site plan for the redevelopment of the property which is the subject of this cause, downzoning the property and enacting a height limitation restricting redevelopment of the property. After negotiations, the parties settled all of the issues between them except one, namely: whether that portion of Alfred Street on the property of the complainants is a public or private street. The resolution of this issue is of critical importance to the City and the complainants because it determines whether the complainants are entitled as a matter of right to approval of their site plan for the conversion of the existing apartment units on the property to condominiums.

The parties entered into an agreement and stipulation, which is filed herein, setting forth the exact terms of the agreement between them. On December 16, 1981, the Court entered a pre-trial order which, among other things, sets forth certain undisputed facts material to this cause and certain disputed questions of law bearing on the status of Alfred Street. It has been agreed that the unlawful taking issue referred to in the order will be held in

abeyance pending a determination of the public versus private character of Alfred Street. There are few, if any, facts genuinely in dispute; and, therefore, the Court will state the facts only to the extent necessary to give the reasons for its conclusions.

The subject property, which is the location of the Hunting Terrace Apartments, is owned by a limited partnership which, together with its immediate predecessor in title, will hereinafter be referred to as Hunting Terrace. The defendants and their predecessors in office will hereinafter be referred to as the City.

The plat admitted into evidence as Defendant's Exhibit No. 10 portrays the property, the alignment of Alfred Street and significant points referred to by the witnesses in their testimony. The portion of Alfred Street between points "A" and "B" is referred to in the pre-trial order as "the captioned strip." This strip of land and the area between points "B" and "C" have never been surfaced or used as a right-of-way. The area between points "C" and "D" was improved as a street in about 1943 and has been in continuous use as a street since that time.

Prior to the commencement of the trial, the Court ruled that the City had the burden of proof to establish dedication. This ruling is consistent with the holding in *Staunton* v. *The Augusta Corporation*, 169 Va. 424, 433, 193 S.E. 695 (1937). The parties agree that there has been no express dedication of Alfred Street and the Court so found at the conclusion of the City's case.

The City predicates its contention that Alfred Street is a public street on the application of three legal doctrines: (1) accretion and reliction; (2) implied dedication; and (3) equitable estoppel. Hunting Terrace says that the first doctrine is inapplicable under the facts of this case, that the City has failed to prove an implied dedication and that, if equitable estoppel is applicable, it should be applied against the City.

The City relies on the doctrine of accretion and reliction to lay claim to any land within the extended lines of Alfred Street created by changes in the shoreline or boundary of Hunting Creek. The City says that as a riparian owner it would have the right to extend a public street over land gained by accretion or uncovered by reliction. Assuming, without deciding, that this doctrine

would apply to land abutting Hunting Creek, the navigability of which was neither proven nor disproven, the question remains whether the City has proven that it is a riparian owner. The ruling of the Court that there has been no express dedication of Alfred Street includes the portion thereof brought within the boundaries of Alexandria by virtue of the annexation suit which resulted in the mandate of the Supreme Court of Appeals which is Defendant's Exhibit No. 1. Thus, the City must prove an implied dedication of that portion of Alfred Street located on the annexed land before the doctrine of accretion and reliction has any applicability to this case.

In *Staunton* v. *The Augusta Corporation, supra,* the court quoted with approval from the headnotes prepared by the court in *Morlang* v. *City of Parkersburg,* 84 W. Va. 509, 100 S.E. 394 (1919), as follows:

> Dedication being an exceptional and peculiar mode of passing title to interest in land, the proof thereof must be full and clear; and the acts proved, which it is claimed constitute such dedication, must be inconsistent with any construction other than that of a dedication. 169 Va. at 437.

The City relies on two documents to prove its claim of riparian ownership, *viz.* a document with attached plat, dated March 22, 1915, showing the boundaries of the City of Alexandria, prepared by E. C. Dunn, City Engineer, in compliance with the aforesaid mandate of the Supreme Court of Appeals and the 1804 plat of Alexandria described in paragraph 6, page 2, of the pre-trial order. (The 1804 plat itself was not offered in evidence; however, the Court will consider the facts concerning the plat set forth in the pre-trial order.) In the opinion of the Court these two plats standing alone are insufficient to establish the dedication, either expressly or impliedly, of that portion of Alfred Street between points "A" and "B". This conclusion is buttressed by the fact that a portion of Alfred Street claimed to have been embraced by these two plats was conveyed to Hunting Terrace by land grant from the Commonwealth of Virginia. (See Complainant's Exhibits No. 21 and 22.) Even if the Court were

to agree with the contention of the City as to the area between points "A" and "B", I fail to perceive how the doctrine of accretion and reliction would operate to do anything more than extend Alfred Street in a straight line to the edge of Hunting Creek.

The City contends that, even if its claim to Alfred Street based on the doctrine of accretion and reliction is rejected, Hunting Terrace has, nevertheless, impliedly dedicated the area between points "A" and "D" on Defendant's Exhibit No. 10 as a public street. The City relies in large measure on the several documents it offered in evidence to support this contention. Hunting Terrace says that when the true purpose of these documents is understood they fail to prove the City's case.

The principle of dedication by the act of the owner of land is succinctly stated in *Buntin* v. *Danville*, 93 Va. 200, 24 S.E. 830 (1896), as follows:

> Dedication is an appropriation of land by its owner for the public use. It may be express or implied. It may be implied from long use by the public of the land claimed to have been dedicated. Dedication is not required to be made by a deed or other writing, but may be effectually and validly done by verbal declarations. The intent is its vital principle, and the dedication may be made in every conceivable way that such intention may be manifested. It must, however, be manifested by some unequivocal act, and is not effectual and binding until accepted. When the intention of the owner to make the dedication has been unequivocally manifested, and there has been acceptance by competent authority, or such long use by the public as to render its reclamation unjust and improper, the dedication is complete. 93 Va. at 204.

In order to assess the impact of several of the documents relied on by the City, it is necessary to closely examine the negotiations that were taking place between the City and Hunting Terrace at the time the property was being developed in 1942. The testimony of Edward F.

Holland, who was called as a witness by both the City and Hunting Terrace, and the minutes of the City Council and the Planning Commission reveal that the treatment of Alfred Street was a point of contention between the City and Hunting Terrace; and that the plat which was admitted as Defendant's Exhibit No. 10, as well as several other documents, was prepared in anticipation of a possible resolution of the problem. Inasmuch as the City did not insist that a deed of dedication be recorded as a condition precedent to the development of the property and Alfred Street was not constructed beyond point "C", it is fair to conclude that the City was satisfied with the arrangement recommended to the Planning Commission by the City Engineer. This arrangement, which was a compromise with Hunting Terrace, left construction of the controversial portion of Alfred Street to a later date as required by the City Council. In the opinion of the Court the arrangement was not the equivalent of an offer and acceptance of a common law dedication.

If the arrangement reached between the City and Hunting Terrace did not result in an implied dedication, has the construction and subsequent treatment of that portion of Alfred Street between points "C" and "D" resulted in an implied dedication? If so, the City, relying on *Ocean Island Inn, Inc.* v. *City of Virginia Beach*, 216 Va. 474, 220 S.E.2d 247 (1975), says that a dedication of part of Alfred Street is a dedication of the entire street.

The City relies heavily on the deed dated May 15, 1969, and the plat attached thereto, by which Hunting Terrace Corporation granted a utility easement to Virginia Electric and Power Company. This plat does not distinguish between public and private streets and is not tantamount to a concession that Alfred Street is public. Furthermore, Hunting Terrace Corporation would not have the authority to grant an easement over a public street. It is conceivable that the City had already granted Virginia Electric and Power Company permission to use the public streets for its power lines; however there is no evidence that such is the case. Thus, it would seem that the City's reliance on the deed to Virginia Electric and Power Company is misplaced.

My consideration of the evidence has led me to the conclusion that Hunting Terrace did not actually intend to dedicate that portion of Alfred Street between points "C" and "D". Although Hunting Terrace has not periodically closed Alfred Street as a gesture of its claim to private ownership, it has placed signs and otherwise acted in a manner consistent with its claim. Perhaps the most salient fact is that Hunting Terrace has borne the cost of maintenance and repair and snow removal.

Having found that Hunting Terrace did not actually intend to dedicate Alfred Street, the Court must decide whether to imply such intention as a matter of law. The doctrine of estoppel *in pais* as it applies to an implied dedication is stated in *Keppler v. City of Richmond*, 124 Va. 592, 98 S.E. 747 (1919), as follows:

> It is very true that the intent to dedicate which may be implied need not have actually existed in the mind of the landowner. One is presumed to intend the usual and natural consequences of his acts. Hence, where public or private rights have been acquired upon the faith of conduct of the landowner under such circumstances as to make the doctrine of estoppel applicable, the law will imply the intent to dedicate even where there is an entire absence thereof in the mind of the landowner, and even against a contrary intent. 124 Va. at 611.

The Court is of opinion that the facts and circumstances of this case do not justify invoking the doctrine of estoppel *in pais* to supply the intent to dedicate.

Having reached the conclusion that the intent to dedicate was altogether lacking, it is unnecessary to decide whether there was an acceptance on the part of the City. Suffice it to say that at best the City was equivocal in its treatment of Alfred Street.

Finally, the Court has reached the conclusion that the City may not rely on the general principles of equitable estoppel to prevent Hunting Terrace from claiming that Alfred Street is not a public street. On the contrary, given the circumstances that existed at the time the property was developed in 1942 and the events that have occurred

since that time, it would be inequitable to permit the City to harken back to its 1942 position or to claim that by its conduct in the intervening years Hunting Terrace has forfeited its right to assert that Alfred Street is private.

Although the Court has not addressed the disputed questions of law set forth in the pre-trial order seriatim, it has disposed of all issues necessary to a decision in this cause. Accordingly, the Court will decree that the portion of Alfred Street between points "A" and "D" on Defendant's Exhibit No. 10 is not a public street.