## CIRCUIT COURT OF CHESTERFIELD COUNTY

E. Kinton
and M. Kinton

v.

Jolly et al.

June 7, 1990

Case No. CH 85-1565

By JUDGE HERBERT C. GILL, JR.

On November 17, 1989, counsel presented argument in regard to exceptions to the Commissioner's Report. The Commissioner determined:

1. Secondary evidence established with reasonable certainty that Old Mill Road from Adventure Lane to Old Richmond Road was a public roadway.

2. Plaintiff failed to prove that Old Richmond Road from Winterpock to Bevil's Bridge (River Road) was a public roadway.

3. Plaintiff failed to present evidence warranting the establishment of either a private right-of-way by prescription or easement by necessity.

4. Fact finding: Other than an easement granted by adjacent property owners, Old Mill

or Old Richmond Road provide plaintiffs the only access to a public highway.

5. Fees: Commissioner requests a fee of $400.00.

Defendant Jolly excepts to the Commissioner's determination that Old Richmond or Mill Road existed as a public road along what is referred to as the "northern portion." Defendant Jolly further excepts to the Commissioner's reliance on secondary evidence. Plaintiffs except to the Commissioner's failure to determine that Old Richmond is a public road from Winterpock Road to Bevil's Bridge (River Road).

Upon consideration of argument presented and memoranda submitted, the Commissioner's findings of fact should be confirmed. The Court concurs with defendant Jolly's exception to the Commissioner's determination that Old Richmond or Old Mill Road existed as a public road along what is referred to as the "northern portion." The evidence does not support the Commissioner's determination in that regard. The Court concurs with the remaining conclusions of law.

Pursuant to § 8.01-610 of the Virginia Code (1984), the Commissioner's report should be sustained unless findings are not supported by the evidence. *Jamison v. Jamison*, 3 Va. App. 644 (1987). However, the deference afforded to the Commissioner's findings of fact is not granted to conclusions of law. *Id.*, 3 Va. App. 644 (1987).

The issue precisely stated is whether plaintiff has established a public roadway by dedication or prescription, or private easement by prescription or necessity. Note that plaintiffs did not except to the Commissioner's determination in regard to a private easement.

*Facts Stipulated by the Parties Include:*

1. In regard to plaintiffs' property, certain deeds in the chain of title refer to the parcel as being located on "Old Richmond or Mill Road." See Exhibits 2-8.

2. The deed by which defendant Jolly obtained her parcel refers to "Old Mill Road" as a boundary. Exhibit 9. The deed in the chain of title previous to her deed, also refers to said boundary. Exhibit 10. Defendant Jolly

by timber deed granted access rights across an "abandoned public road." Exhibit 11.

3. Defendant Norvell conveyed a portion of her property by deed referencing "Mill Road."

4. Defendants Vests acquired their property by deed which referenced "Old Richmond or Mill Road." Exhibit 16. Same references were made in a prior deed within the chain of title. Exhibit 17.

5. Defendants Gordons acquired by deed listed as Exhibit 18. (No reference to either road).

6. Defendants Belcher acquired their property by deed which referenced a road described as "formerly Richmond Road." Exhibit 19.

7. An 1888 map indicated a country road in the location of Old Richmond or Mill Road. Exhibit 21. Said map was prepared pursuant to resolution enacted in 1881 by the Board of Supervisors. Exhibit 22.

8. Plaintiffs have been informed that defendants dispute public usage of the road.

9. The "Byrd Act" was enacted in 1932. Exhibit 23.

10. State Highway Department Map 1932. Exhibit 24.

11. State Highway Department Map 1985. Exhibit 25.

The State Highway map of 1932 sets out the northern portion of Old Mill or Old Richmond Road for .62 miles. The remaining portion (that is from "the bend" to Bevil's Bridge Road) is indicated by dashed lines. The key does not provide a definition as to what a dashed line indicates. The State Highway map of 1985 sets out the northern portion of Old Mill or Old Richmond Road for .60 miles and continues for an undetermined length after "the bend."

## I. Public Roadway Dedication

No exercise of appropriate governmental dominion has been established, thereby precluding a prima facie showing of dedication pursuant to § 33.1-184. Even assuming that the records regarding the dedication of Old Mill or Old Richmond Road are lost, thereby permitting secondary evidence to establish the existence and location of said rural road(s), evidence submitted fails to prove with reasonable certainty common law dedication. Although secondary evidence offered may estop defendants from denying

unequivocal evidence of an intention to dedicate, plaintiffs have failed to show long continued public use with the acquiescence of the owner. (Conveyances to defendants Jolly, Norvell, Vests, Gordons, attest to the existence, if not exact location, of Old Richmond or Old Mill Road. See Exhibits 9, 15, 16, and 18.)

Dedication of a roadway, at common law, requires (1) an offer of a limited right of use by the landowner and (2) acceptance by the "public" as demonstrated by governmental action or common usage. *Burks Brothers of Virginia v. Jones*, 232 Va. 238 (1986). However, "when a way has been worked by road officials as a public road and is used by the public as such, proof of these facts shall be prima facie evidence that the same is a public road." Va. Code Ann. § 33.1-184 (1984). In effect, the landowner's offer is implied as a matter of law should the proponent of a public road designation establish certain governmental action and common usage. Otherwise, the proponent must prove both an offer and acceptance. *Burks Brothers*, 232 Va. 238 (1986).

In *Burks Brothers of Virginia*, the trial court held that a trail maintained by the CCC as a fire trail had become open to the public by implied dedication and acceptance for public use. On appeal the Court, noting the requisite elements of common law dedication, held that counsel failed to establish a prima facie case pursuant to Section 33.1-184 and, further, that the evidence presented did not adequately prove either an offer by the landowner or acceptance by the public.

Plaintiff has not established pursuant to § 33.1-184 that Old Richmond or Old Mill Road was "worked by road officials as a public road" and that it has been "used by the public as such." Plaintiff testified that from 1927 to 1949 the general public did not use subject road from River Road to Winterpock Road. (See TR. page 49.) No direct testimony of public usage was offered.

County maps were offered in support of showing the existence of a county roadway from Winterpock to "the bend" and beyond. However, such maps, although probative, are not sufficient to establish either governmental dominion or public use under § 33.1-184. Defendant Vest testified that county road crews avoided improving Old Richmond or Old Mill Road. (See TR. page 82.) (Defendant's father

was employed by Chesterfield County for area road improvements.)

Dedication must be established with reasonable certainty:

> It is settled law that public highways should be matters of public record and identified with such reasonable certainty as to apprise the public of the location and supply them with the means of knowing to what extent they may travel along without becoming trespassers; and also to make known to individuals how much and what portions of their land have been appropriated to public use. The requisite certainty of location is obtained in this State by the statutory requirements that a plat or diagram shall accompany and be filed with the report of the viewers appointed in proceedings to establish public record.

The offer of public dedication need not be expressed. The Virginia Supreme Court has noted that "no writing or other special form of conveyance was required; unequivocal evidence of an intention to dedicate was sufficient." *Brown v. Tazewell County Authority*, 226 Va. 125, 129 (1983). Acceptance "could be formal and express, as by the enactment of a resolution by the appropriate governing body, or by implication arising from an exercise of dominion by the governing authority or from long continued public user of requisite character." *Id.*, at 129-130 (1983), citing *Ocean Island Inn v. Virginia Beach*, 216 Va. 474 (1975). A dedication does not become complete until the following:

> the public or competent public authority manifests an intent to accept the offer. Such intent can be manifested expressly; by implication from public user of requisite character, *Buntin v. Danville City*, 93 Va. 200, 204-205, 24 S.E. 830 (1896); or by implication from an exercise of jurisdiction and dominion by the governing authority, *Staunton v. Augusta Corporation*, 169 Va. 424, 436, 193 S.E. 695, 699 (1937).

*Ocean Island Inn v. Virginia Beach*, 216 Va. 474 (1975).

The "requisite character" refers to "such long use by the public as to render its reclamation unjust and improper . . . ." *Bunton v. Danville City*, 93 Va. 200 at 204 (1896), citing *City of Richmond v. A. Y. Stokes & Co.*, 72 Va. (31 Gratt.) 713 (1879). Note the further definition of such "character" in *City of Richmond v. A. Y. Stokes & Co.*:

> Where streets and alleys have been opened by the owner of the soil and used by the public, with his assent, as a public thoroughfare for years, a dedication of the easement may be presumed and the continued and uninterrupted use, with the knowledge and acquiescence of the owner, will justify the presumption of a dedication to the public, provided the use has continued so long that private rights and the public convenience might be materially affected by an interruption of the enjoyment.

In *City of Richmond v. A. Y. Stokes Co.*, the presumption of acceptance "will operate an estoppel *in pais* and preclude the owner from revoking the dedication." *Id.*, at 717. However, this presumption regards use of streets, that is roadways, within a town or city. *Id.*

With respect to rural roads, acceptance of a road must "appear as a matter of record, though a formal acceptance is not necessary, and the law will be satisfied if it shall appear that the county court had laid off a road before used into precincts or appointed an overseer or surveyor for it, thereby claiming the road as a public one." *Lynchburg Traction Co. v. Guill*, 107 Va. 86 (1907). *See also Bradford v. Nature Conservancy*, 224 Va. 181 (1982); *Commonwealth v. Kelly*, 49 Va. (8 Gratt.) 632 (1851).

Should public records, which are required with rural roads, be destroyed or lost, then the effect of such loss is to change the mode of proof as to their contents and to dictate admission of secondary evidence in the place of an exemplification of the record. *White v. Reed*, 146 Va. 246 (1926). Such secondary evidence includes "ancient" deeds and maps, deeds between third parties, and declara-

tions in deeds to parties in the action. *Keppler v. City of Richmond*, 124 Va. 592 (1919).

A deed between third parties to a road has been "held competent upon the question of the location and existence of the way as a matter of public and general interest upon which reputation is admissible." *Keppler v. City of Richmond*, 124 Va. 592 (1919), citing 1 Elliott on Roads and Streets, Section 198. Such evidence is not entitled to much weight and may be "rebutted by very slight evidence of a more definite character." *Keppler*, 124 Va. at 607 (1919), citing Greenleaf on Evidence, Section 139. Recitals of fact in a deed or deed of trust are prima facie evidence of those facts. Va. Code Ann. Section 8.01-389 (1984).

Assuming that the records are "lost," plaintiffs have merely established that a road existed and have not proved use by the public with acquiescence of the owner. (See TR., page 70, as to unavailability of records.) No direct testimony of public use was offered.

Further, the issue of the Byrd Act's applicability begs the question, that is, incorporation of public county roads into the state highway system presumes the county exercised dominion over and considered Old Richmond or Old Mill Road a public roadway. (See, discussion, TR. 72-74.) The Byrd Act, therefore, is not determinative of any issue before the Court.

## II. Public Roadway by Prescription

The County by public user may acquire a roadway by prescription should the user possess (1) a claim of right and (2) "be unequivocally adverse . . . ." *Keppler v. City of Richmond*, 124 Va. 592 (1919). As previously set forth, the evidence does not support a finding of "unequivocally" adverse use by the public.

## III. Private Rights of Way by Prescription

Plaintiffs may acquire a right-of-way by prescription upon establishing use which is: (i) Adverse under a claim of right; (ii) continuation, (iii) uninterrupted, (iv) exclusive with, (v) the knowledge and acquiescence of the owner of the servient estate (that estate which the

right-of-way transgresses) and (vi) said use continues for a twenty-year period. *Totten v. Stuart*, 143 Va. 201 (1925).

Plaintiff failed to establish said use over the requisite period. The Commissioner noted "there is simply no evidence here of such." (See Report page 13.)

## IV. Private Right-of-Way by Necessity

Private right-of-way by necessity requires common prior ownership of the dominant and servient tracts and the establishment by clear and convincing evidence that the way is reasonably necessary to the enjoyment of the dominant estate. *Middleton v. Johnston*, 221 Va. 797 (1981). Said right-of-way is an easement implied upon the conveyance of real estate. *Id.*, 221 Va. 797 (1981). Unlike adverse use, which must be established by unequivocal evidence, necessity requires clear and convincing proof. *Id.*, 221 Va. 797 (1981). *See also Keppler v. City of Richmond*, 124 Va. 592 (1919).

Plaintiffs established that a right-of-way is reasonably necessary to the enjoyment of their estate. The Commissioner's finding of facts include:

> The evidence is clear that the plaintiff's property has no road frontage and the only access they would have to a public highway would be by means of the Old Richmond or Mill Road or Old Mill Road or by easement granted through their adjacent property owners.

Plaintiffs, however, failed to establish common prior ownership by which the Court may infer an implied easement. Although Adventure Hill Road transgresses property previously held by Glenna L. Norvell, no evidence has been submitted of common ownership for those parcels separated by Old Mill or Old Richmond Road.