## CIRCUIT COURT OF CHESTERFIELD COUNTY

Chesterfield County

v.

Perdue et al.

August 15, 1990

Case No. (Chancery) 89-1250

By JUDGE HERBERT C. GILL, JR.

On June 27, 1990, petitioner presented argument and evidence in support of its bill seeking to declare Thompson Avenue a public right of way by prescriptive easement. Adjacent property owners attended and raised several concerns with regard to inadequate supervision by law enforcement officials.

Petitioner, by Gene Davis's testimony, established the heirs of Edgar N. Perdue and W. B. Strother as owners of the property. Said parties known and unknown were given notice of the action by Order of Publication. No response or objection to petitioner's bill was filed by the parties. Sharon Gregory, area resident, testified to public use of the roadway for the period from approximately 1974 through present. Testimony offered by other residents corroborated such public use. Mrs. Gregory's family have owned property adjacent to Thompson Avenue since 1923.

Upon consideration of the evidence and argument presented, the Court finds the evidence does not support a finding of prescriptive easement. Rather, the evidence supports a finding of a public right of way by implied dedication.

The County, by public user, may acquire a roadway by prescription should the user possess (1) a claim of right and (2) "be unequivocally adverse . . . ." *Keppler v. City of Richmond*, 124 Va. 592 (1919). The evidence

does not support a finding of "unequivocally" adverse use by the public. Sole evidence offered as to adverse use was the installation of a cement barricade by a resident. No evidence was presented that use by the public was adverse to the owners' claim.

Evidence sufficiently supports a finding of a public right of way by implied dedication. The long-term public use without objection as presented established dedication implied in fact.

Dedication of a roadway, at common law, requires (1) an offer of a limited right of use by the landowner and (2) acceptance by the "public" as demonstrated by governmental action or common usage. *Burks Brothers of Virginia v. Jones*, 232 Va. 238 (1986). The offer of public dedication need not be expressed. The Virginia Supreme Court has noted that, "no writing or other special form of conveyance was required; unequivocal evidence of an intention to dedicate was sufficient." *Brown v. Tazewell County Authority*, 226 Va. 125 at 129 (1983).

Acceptance, "could be formal and express, as by the enactment of a resolution by the appropriate governing body, or by implication arising from an exercise of dominion by the governing authority or from long continued public user of requisite character." *Id.* at 129-130 (1983), citing *Ocean Island Inn v. Virginia Beach*, 216 Va. 474 (1975). The "requisite character" refers to, "such long use by the public as to render its reclamation unjust and improper . . . ." *Buntin v. Danville City*, 93 Va. 200 at 204 (1896). A dedication does not become complete until the following:

> public or competent public authority manifests an intent to accept the offer. Such intent can be manifested expressly; by implication from public user of requisite character, *Buntin v. Danville City*, 93 Va. 200, 204-205, 24 S.E. 830 (1896); or by implication from an exercise of jurisdiction and dominion by the governing authority, *Staunton v. Augusta Corporation*, 169 Va. 424, 436, 193 S.E. 695, 699 (1937). *Ocean Island Inn v. Virginia Beach*, 216 Va. 474 (1975).

Evidence established public use of "requisite character" for acceptance of a dedication offer implied from

owners' apparent acquiescence and neglect. Reclamation by the owners would be unjust under the given circumstances.