E.S. CHAPPELL & SON, INC.

v.

P.D. BROOKS, JR., TRUSTEE, ETC., ET AL.

Record No. 931854

November 4, 1994

Present: All the Justices

*Lee N. Kump (John B. Thompson; Thompson & McMullan,* on briefs), for appellant.

*Christopher D. Eib, Assistant Attorney General (James S. Gilmore, III, Attorney General,* on brief), for appellee Commonwealth of Virginia.

No brief or argument for appellees P.D. Brooks, Jr. and P.D. Brooks, Jr. Trustee in Dissolution for P.D. Brooks Traffic Control, Inc. .

JUSTICE LACY delivered the opinion of the Court.

In this dispute over the ownership of a 50-foot strip of land, we must determine whether the Commonwealth effectively accepted the dedication of the land for public road purposes.

We recite the facts as stipulated by the parties. In 1966, William W. and Mary B. Campbell, Anne J. and Judson T. Vaughan, Jr., and Hugh and Sally P. Campbell (collectively, the Campbells and the Vaughans) "deeded and dedicated" a portion of land in Hanover County to the Commonwealth for public road purposes. The dedicated land consisted of one 50-foot strip of land running north and south adjacent to U.S. Route 301 (the north-south strip) and a second 50-foot strip of land running east and west between two lots (the 50-foot strip) and connecting to the north-south strip.

Two years later, in 1968, the Campbells and the Vaughans executed a deed conveying the 50-foot strip to Virginia Tractor Company, Inc. The deed also granted Virginia Tractor a non-exclusive permanent easement over the private road constructed on the north-south strip. The purchased strip and the easement combined to provide Virginia Tractor access to U.S. Route 301. The deed also recited that, if the Commonwealth accepted the north-south strip as a public road, Virginia Tractor would not oppose the ac-

quisition and would execute any instruments necessary to vest title to the north-south strip in the Commonwealth.

The Commonwealth took the north-south strip identified in the 1966 and 1968 deeds into the secondary road system. The road was identified as State Route 1200. The 50-foot strip was never used as a public road.

In 1983, E.S. Chappell & Son, Inc. (Chappell) purchased 14.05 acres of land from Virginia Tractor. The 50-foot strip at issue was within the acreage purchased. Although the record is not altogether clear, in 1990, P.D. Brooks Traffic Control, Inc. (Brooks), an adjacent property owner, apparently entered the 50-foot strip and undertook control over the strip by acts not specified in the record. In 1993, Chappell filed a motion for judgment seeking to eject Brooks and the Commonwealth from the 50-foot strip of land. On cross motions for summary judgment, the trial court dismissed Chappell's suit, holding that the Commonwealth had legal title to the 50-foot strip under the doctrine of implied acceptance. *Ocean Island Inn, Inc. v. City of Virginia Beach*, 216 Va. 474, 220 S.E.2d 247 (1975). We awarded Chappell an appeal and will reverse the judgment of the trial court.

The doctrine of implied acceptance provides that

> where a governing body has accepted part of the streets appearing on a recorded plat and no "intention to limit the acceptance" is shown, such partial acceptance constitutes acceptance of all the streets, provided the part accepted is sufficiently substantial to evince an intent to accept the comprehensive scheme of public user reflected in the plat.

*Id.* at 479, 220 S.E.2d at 252. The trial court's reliance on this doctrine was erroneous in this case for two reasons. First, as recited in its deed from the Campbells and the Vaughans, Virginia Tractor agreed not to oppose the acceptance of the dedication of the north-south strip and to execute the necessary documents *if* the Commonwealth took that strip into the secondary road system. This indicates that, at the time of the conveyance to Virginia Tractor, the Commonwealth had not accepted the dedication.

Until public acceptance, a dedication is merely an offer to dedicate, revocable at the will of the landowner. *Brown v. Tazewell County Water & Sewerage Auth.*, 226 Va. 125, 129, 306 S.E.2d 889, 891 (1983). Revocation of an offer to dedicate may be

implied by acts of the dedicator which are inconsistent with the act of dedication. *Ocean Island Inn*, 216 Va. at 476, 220 S.E.2d at 250. In this case, the Campbells and the Vaughans specifically asserted ownership of the 50-foot strip in the instrument conveying property to Virginia Tractor. Unlike the north-south strip, there was nothing in the deed indicating any intent to continue the dedication of that strip or requiring the purchaser to assist the Commonwealth in obtaining title should the Commonwealth accept the prior offer of dedication. The language in the deed to Virginia Tractor, therefore, is inconsistent with the original offer of dedication and implies a revocation by the Campbells and the Vaughans of the offer to dedicate the 50-foot strip.

■ Consequently, Virginia Tractor, Chappell's predecessor in title, acquired ownership of the 50-foot strip unencumbered by the prior offer of dedication. Subsequent acceptance of the north-south strip by the Commonwealth could not extend to the 50-foot strip at issue here, because the offer to dedicate that strip had been revoked.

■ Secondly, the doctrine of implied acceptance only applies in urban areas. "[A] formal acceptance or express assertion of dominion over the road by public authority is required before dedication of a rural road is complete." *Burks Bros. of Virginia, Inc. v. Jones*, 232 Va. 238, 248, 349 S.E.2d 134, 141 (1986). To prevail on its theory of implied acceptance, the Commonwealth had the burden of showing that the 50-foot strip was located in an urban area. The record is silent, however, as to the urban or rural nature of the 50-foot strip. Therefore, the Commonwealth failed to meet the burden of proof necessary to support a finding of implied acceptance.

Accordingly, we hold that the trial court erred in holding that the Commonwealth was the owner of the 50-foot strip. We will reverse the judgment of the trial court and will remand the case for entry of an appropriate order in favor of Chappell consistent with the views expressed in this opinion.

*Reversed and remanded.*