Present:  All the Justices

ARTHUR B. McNEW

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.   Record No. 951237            March 1, 1996

TIM McCOY, ET AL.

FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Donald R. Mullins, Judge

In this appeal, we consider whether an access road was dedicated as a public way for the benefit of landowners adjacent to that road.

Tim and Joyce McCoy own a tract of land which formerly consisted of six lots in a subdivision, since vacated, known as the J. B. Hawley Subdivision, located near the village of Falls Mill in Tazewell County.  The McCoys claim an interest in a gravel access road adjacent to the western boundary of their property.  This road extends across a farm owned in part by Arthur B. McNew.

The plat of subdivision for the J. B. Hawley Subdivision was recorded in November 1961, before Tazewell County's Board of Supervisors had enacted a subdivision ordinance.  That plat shows a road in the same location as the access road at issue in this appeal.  In September 1961, Ruth T. Vickers and Roy O. Vickers, husband and wife who were the McCoys' predecessors in title, acquired the former subdivision.

In 1986, the Tazewell County Board of Supervisors vacated the plat of subdivision.  Ruth Vickers had requested the vacation of the plat because an "unopened ten (10) foot wide street as shown on said plat encroached upon the porch and possibly a corner of [her] dwelling house."

A dispute ensued between the McCoys and McNew when McNew

erected a fence along the eastern boundary of the 16-foot access road to prevent the McCoys from using the road. The McCoys filed their bill of complaint alleging, <u>inter alia</u>, that they are entitled to use the road because it is a publicly dedicated road or, alternatively, that they had acquired property rights in the road by prescription.

Subsequently, the McCoys filed a motion for summary judgment, and McNew filed a cross-motion for summary judgment. The trial court granted the McCoys' motion for summary judgment, holding that the gravel road was dedicated at the time the subdivision plat was recorded and that such dedication was for the benefit of the owners of the lots shown on that plat. The court entered a judgment which included certain injunctive relief in favor of the McCoys. We awarded McNew an appeal.

McNew argues that the trial court erred in holding that the road, which is located on his property, has been dedicated as a public way for the benefit of owners of the adjoining property. McNew asserts that the McCoys failed to prove there was a dedication and acceptance of the access road for public use by Tazewell County. The McCoys assert that Tazewell County accepted the dedication of the platted access road. We disagree with the McCoys.

We recently stated the applicable principles which control our resolution of this appeal:

> Dedication, at common law, was a grant to the public, by a landowner, of a limited right of user in his land. No writing or other special form of conveyance was required; unequivocable evidence of an intention to dedicate was sufficient. Until the dedication was accepted by the public, it was a mere offer to dedicate, no matter how finally expressed. Prior to acceptance, the offer to dedicate imposed no responsibilities upon the public and was subject to

> unilateral withdrawal at any time by the landowner. 2 Minor on Real Property 1696-1702 (F. Ribble 2d ed. 1928). See also Bradford v. Nature Conservancy, 224 Va. 181, 198-99, 294 S.E.2d 866, 875 (1982). Acceptance could be formal and express, as by the enactment of a resolution by the appropriate governing body, or by implication arising from an exercise of dominion by the governing authority or from long continued public user of requisite character.

Brown v. Tazewell County Water and Sewerage Authority, 226 Va. 125, 129-30, 306 S.E.2d 889, 891 (1983). Applying these principles, we hold that the McCoys do not have a right to use the access road because there is no evidence in this record that Tazewell County ever accepted the dedication. The record is devoid of any evidence: (1) of a formal and express acceptance by the County; (2) that the County exercised dominion of the way or; (3) that there has been long continued public user of the way.

We reject the McCoys' assertion that Tazewell County impliedly accepted the access road when it vacated the subdivision plat in 1986 at Ruth Vickers' request. The County's resolution vacating the subdivision plat was without legal efficacy because the County had neither accepted the dedication nor acquired any other rights in the access road and, thus, the County had acquired no property rights that could be vacated. Furthermore, we recently observed that "the doctrine of implied acceptance only applies in urban areas. '[A] formal acceptance or express assertion of dominion over the road by public authority is required before dedication of a rural road is complete.'" E.S. Chappell & Son, Inc. v. Brooks, 248 Va. 571, 574, 450 S.E.2d 156, 158 (1994) (quoting Burks Bros. of Virginia, Inc. v. Jones, 232 Va. 238, 248, 349 S.E.2d 134, 141 (1986)).

The McCoys argued at the bar of this Court that in the event the trial court's judgment is reversed, they are entitled to a remand of this proceeding so that they can pursue their claim that they acquired rights in the road by prescription.  We disagree.  The trial court did not rule upon this claim, and the McCoys did not assign cross-error to the trial court's failure to do so.  See Loving v. Hayden, 245 Va. 441, 445, 429 S.E.2d 8, 11 (1993).  Accordingly, we will reverse the judgment of the trial court and enter final judgment here on behalf of McNew.

Reversed and final judgment.