# CIRCUIT COURT OF THE CITY OF LYNCHBURG

RSZ Properties, L.L.C.

v.

City of Lynchburg et al.

February 13, 2012

Case No. CL10-5352

By Judge J. Michael Gamble

I find that the disputed area of Kettering Lane is a public street in the City of Lynchburg. Accordingly, I grant judgment in favor of RSZ Properties, L.L.C.

Kettering Lane is a platted street in a subdivision named Georgetown Forest Townhouses ("Georgetown Forest") in the City of Lynchburg. At the time that this property was developed, it was located in Campbell County. It became a part of the City of Lynchburg in 1976 pursuant to an annexation order.

By Deed of Dedication dated February 17, 1972, the plat of Georgetown Forest was recorded in the Clerk's Office of the Circuit Court of Campbell County. The recorded plat had two areas with the notation "Not To Be Added To State Secondary System." One of these areas was at the north end of Devonshire Road and West Cadbury Lane, and the other area was the eastern end of Kettering Lane. This lawsuit involves the area of Kettering Lane with this notation. The entire length of Kettering Lane is about 481 feet. The portion dedicated to the state highway system in 1972 is about 317 feet. The portion that is in dispute in this case is about 164 feet in length. It runs generally from the eastern side of the intersection of East Cadbury Lane with Kettering Lane to the most eastern edge of the Georgetown Forest Development. Kettering Lane is about 56 feet wide the entire length of the street.

The deed of dedication dated February 17, 1972, expressly provided that all of the streets, including Kettering Lane, were dedicated "to the public,"

with the exception of "the area adjacent to the easterly end of Kettering Lane." During this lawsuit, the parties have labeled the disputed area on the eastern end of Kettering Lane as the "stump end" of Kettering Lane. Accordingly, I will also designate the area on Kettering Lane in dispute in this case as the "stump end."

By deed dated May 24, 1974, the developer of Georgetown Forest recorded a deed of easement in Campbell County. The purpose of this easement was to release the liens of the deeds of trust on the areas designated as "Not To Be Added To State Secondary System," and to grant an easement for ingress and egress over these areas for the owners of all property in Georgetown Forest and the homeowners association. The preamble in this instrument stated that it was "the intention of . . . [Georgetown Forest] . . . in recording the first plat and second plat that each of said last mentioned areas are for the use of the public as and for public streets along with other streets so dedicated on each of the two plats, the two areas have been designated as such by virtue of the Virginia Department of Highways declining to accept each of the two areas into the state secondary road system at the time of the recordation of their respective plats." The preamble further provided that "the party of the first part (Georgetown Forest) desires to put to rest any question of the right of ingress and egress over and across the two areas designated on the respective plats as "Not To Be Added To State Secondary System." This deed of easement further provided that the homeowners association had the obligation of repair and maintenance on the stump end of Kettering Lane "unless and until said two areas have been accepted by the public as part of the state secondary system."

Raymond Booth, retired Director of the Department of Public Works of the City of Lynchburg, testified that, subsequent to annexation, the city looked at the annexed areas to determine the location of the dedicated rights-of-way, even if they were not part of the state road system. He indicated that the city decided to maintain "all of those dedicated right-of-ways" to the level at which they existed at the time of annexation. He indicated that, to the best of his recollection, all streets in Georgetown Forest were included in the area to be maintained by the city.

Subsequent to annexation, the City Assessor has shown all of Kettering Lane as a public street on its tax maps. Further, it is undisputed that the city has provided weekly trash collection and periodic removal of bulk plant material to the stump end of Kettering Lane.

David Owen, a subsequent Director of the Department of Public Works, testified that city trucks and personnel removed snow from all of the streets in Georgetown Forest, including the stump end of Kettering Lane. He testified that the city only removed snow from streets that it believed to be public streets. Further, he testified that the City of Lynchburg has been reimbursed by the Virginia Department of Transportation for removal of

snow from the streets in Georgetown Forest, including the stump end of Kettering Lane.

The residents of Georgetown Forest disputed that the city had removed snow from the stump end of Kettering Lane. Elliott Shearer, a resident, testified that he had never seen a city truck removing snow from the stump end. However, at least one resident on the stump end of Kettering Lane had called the city and requested snow removal in the past.

The City of Lynchburg installed street name signs for all streets within Georgetown Forest. This included a sign for Kettering Lane at the intersection of East Cadbury and Kettering Lane. Additionally, by executive rule of the City Manager dated March 18, 2009, the city placed no parking signs on the southeastern side of Kettering Lane, including the stump end. This executive rule also directed that there only be perpendicular parking on the northeastern side of Kettering Lane, including the stump end. The executive rule directed that appropriate signs be installed to implement such rule. The photographic evidence indicates that such signs were installed. Also, by executive rule of the City Manager on June 18, 2002, a handicapped parking sign was authorized in front of Town Home 203, located on the stump end of Kettering Lane.

The City of Lynchburg paved the roads in Georgetown Forest in 1992. The greater weight of the evidence indicates that the stump end was not included in this paving. Further, there was no evidence that any other "pick and shovel" type maintenance was performed on the stump end of Kettering Lane by the City subsequent to annexation.

On two separate occasions, the City Planner of the City of Lynchburg stated that the stump end of Kettering Lane is a public street. On November 26, 1980, William B. West, Jr., City Planner, stated to the Planning Commission that Kettering Lane "is still a dedicated public street, and we cannot prevent public access to it." This was at a meeting where consideration was given to whether to rezone property adjacent to the stump end of Kettering Lane for medium-high density residential development that would use Kettering Lane, including the stump end, for ingress and egress.

In conjunction with a meeting of City Council on August 8, 1989, to consider whether to grant a conditional use permit to a church proposed to be built adjacent to Georgetown Forest, the Planning Division of the City of Lynchburg filed a report indicating "it has been determined that the entire length of Kettering Lane is considered to be a public street." This report was prepared for consideration of City Council in conjunction with the petition of the church to be granted a conditional use permit.

The recordation of a subdivision plat manifests an intent to make available for public use the platted streets. However, this dedication does not become complete until the public or a competent public authority demonstrates an intent to accept the offer. *Ocean Island Inn, Inc. v. City of Virginia Beach*, 216 Va. 474, 477, 220 S.E.2d 247, 250 (1975). No writing or other special

form of conveyance is required in order to constitute a dedication of a street to the public by a landowner. It is only required that there be unequivocal evidence of an intention to dedicate. *Brown v. Tazewell County Water & Sewerage Auth.*, 226 Va. 125, 129, 306 S.E.2d 889, 891 (1983). The dedication then becomes complete when the public or competent public authority manifests the intent to accept the offer. *Ocean Island Inn, Inc.*, 216 Va. at 477, 220 S.E.2d at 250. The acceptance of an offer of dedication by a landowner may be formal and expressed, such as a resolution of a governing body, or by implication arising from exercise of dominion by the governing authority, or by long continued public user of requisite character. *Brown*, 226 Va. at 129-30, 306 S.E.2d at 891. As noted in *Ocean Island Inn, Inc.*, in determining whether there has been a dedication by implication, courts have looked to governmental actions such as installing utility lines, opening and paving a street, repairing a street, and collection of tolls. *Id.*, 216 Va. at 477, 220 S.E.2d at 250-51. See also *Greenco Corp. v. City of Virginia Beach*, 214 Va. 201, 208-09, 198 S.E.2d 496, 501-02 (1973).

Even where a public body has not accepted dedication of a street by either formal resolution or by implication, the public body may accept the dedication of the street in the future where there has been no abandonment. *The Barter Foundation, Inc. v. Widener*, 267 Va. 80, 92, 592 S.E.2d 56, 62 (2004). There can be an acceptance of a dedication of a street made while the street was located in a county prior to annexation, but accepted by a city after the completion of the annexation. *City of Staunton v. Cash*, 220 Va. 742, 745, 263 S.E.2d 45, 47 (1980).

The burden of proof of establishing a street as a public street, either by common law or statute, is upon the party alleging that a public street has been created. *Mulford v. Walnut Hill Farm Group, L.L.C.*, 282 Va. 98, 107, 712 S.E.2d 468, 474 (2011).

Because there has been no formal acceptance of the stump end of Kettering Lane as a public street by any governing body, the issue in this case is whether there has been an acceptance by implication. In this case, this is determined by whether there has been an exercise of dominion by the City of Lynchburg, the governing authority. I find that the plaintiff has proven by a preponderance of the evidence that there has been an exercise of dominion by the City of Lynchburg. This is based upon the placement of parking signs that control parking on the street, the placement of street signs, the collection of trash, the collection of brush, the designation by the City Assessor as a public street, the position of the City Planner that it is a public street, and the city assuming snow removal responsibilities on the street.

The easement deed by the original landowner declaring the intention to establish the stump end of Kettering Lane as a public street satisfies the requirement that the owner make an offer to dedicate the street. Thus,

the only genuine factual issue is whether there has been an acceptance by implication. As noted above, I find that there has been such acceptance.

Even if there had not been an acceptance by the city or by public use of the street, there was still a right of passage over the platted stump end of Kettering Lane that inures to the benefit of the general public. The Supreme Court has held that, where there was an intention to dedicate property as streets, but there has been no acceptance of the dedication, there is still a right of the general public to use the property for passage in accordance with the intent of the landowner. *The Barter Foundation, Inc.*, 267 Va. at 91-92, 592 S.E.2d at 62. In the instant case, the 1974 easement deed by the landowner stated a clear intent to dedicate the stump end of Kettering Lane to public use. Accordingly, even if there had not been an implied acceptance by the City of Lynchburg, the public would still have the right to use this way.

The plaintiff also maintains that the stump end of Kettering Lane should be presumed as a public road based upon the provisions of Va. Code § 33.1-184. I disagree with this analysis. This statute requires that a road be "worked by road officials as a public road." While this is an old statute, I find that the clear meaning of this statute is that there be actual construction and maintenance of the road. In this case, the city or county did not construct the road, and there has been no actual maintenance beyond the dominion and control that I have described above. Thus, I find this statute is not applicable.

The plaintiff also argues that the public road is created by § 71, Chapter 9, of the Charter of the City of Lynchburg. Basically, this ordinance in the charter provides that, where "any ground shall have been opened to and used by the public as a street for 10 years," it is considered as dedicated to the public. There are obvious due process and property right constitutional issues created by this charter provision. It is also contrary to the cases that address a common law dedication. Thus, I find that this charter provision is not applicable to this case.

The plaintiff also argues that the stump end of Kettering Lane has been accepted as a public street under the "partial acceptance doctrine." Under this doctrine, where there has been an acceptance of part of the streets on a map with no intention to limit the acceptance, the partial acceptance constitutes an acceptance of all of the streets. *Ocean Island Inn, Inc.*, 216 Va. at 479, 220 S.E.2d at 252. I find that this doctrine is not applicable to the instant case. This is because there was clearly a limitation of acceptance shown on the original subdivision plat. This limitation was accepted by Campbell County.

Last, at the evidentiary hearing in this case, counsel for the homeowners association objected to the statement of the City Planner at the 1987 Planning Commission meeting that the entire length of Kettering Lane is a public street. There was also objection to the report of the City Planner

considered by City Council in 1989 stating that Kettering Lane is a public street. In this regard, I overrule these objections. First, I find that these statements are not hearsay because they are not offered for the truth of what is stated, *i.e.,* that this is a public street. They are offered to show that the City of Lynchburg recognized the entire length of Kettering Lane, including the stump end, as a public street. This intent goes to the reason why the city exercised dominion over the stump end of Kettering Lane. Also, even if it was deemed as hearsay, the statements contained in these documents are admissible under the official records exception to the hearsay rule. The parties have stipulated that all of these documents are authentic. Thus, they constitute official records.