# Richmond

RUBY H. ODEN v. SOUTH NORFOLK REDEVELOPMENT AND HOUSING AUTHORITY.

June 11, 1962.

Record No. 5432.

Present, All the Justices.

*Howard I. Legum (Louis B. Fine; Fine, Fine, Legum & Schwan,* on brief), for the plaintiff in error.

*William L. Ward,* for the defendant in error.

CARRICO, J., delivered the opinion of the court.

Ruby H. Oden, the plaintiff, filed a motion for judgment seeking to recover damages for personal injuries allegedly sustained when she fell in an apartment occupied by her and owned by South Norfolk Redevelopment and Housing Authority, the defendant. After all of the evidence had been presented to a jury the trial judge struck the evidence, upon motion of the defendant, and entered summary judg-

ment in favor of the defendant. We granted the plaintiff a writ of error from the final order embodying the court's ruling.

The basis of the plaintiff's claim against the defendant was that the latter was negligent in the manner in which it made repairs to the apartment. The sole question presented is whether there was sufficient evidence of such negligence to constitute a jury question.

The lease covering the apartment required the occupant to notify the defendant of the need for repairs and permitted entry by the defendant for the purpose of making repairs.

The evidence shows that there was a shower installed in the bathroom on the second floor of the plaintiff's apartment. The shower stall had a metal floor and three metal sides, which were inserted into grooves in a cement base.

On February 9, 1960, the plaintiff complained to the defendant that the shower was leaking, causing water to drip into the kitchen directly below the bathroom. The defendant's workmen went to the apartment and placed a substance known as "Permatex," a black anti-leak compound, around the base of the shower stall.

The defendant denied that it had made any other repairs to the shower, prior to the plaintiff's fall. However, acording to the plaintiff, she reported to the defendant on September 6, 1960, that the shower was again leaking. She said that on the same day the defendant's workmen came to her apartment and put a black substance, which she says in her brief was "Permatex," in each corner and around the sides of the shower stall. The plaintiff further testified that after the men finished the work one of them told her, "You won't have any more trouble, I have got the leak stopped now."

On September 19, 1960, the plaintiff was preparing dinner in the kitchen of her apartment. She slipped in a pool of water on the floor and fell, causing the injury to her knee which was the basis of her motion for judgment. She said that the water on the floor had leaked from the shower in the bathroom above.

Mrs. George O'Neal, a witness called by the plaintiff, testified that she had visited the plaintiff's apartment during the thirty day period preceding the plaintiff's fall. She said that she had examined the shower and found what looked like loose putty around the edges of the shower stall.

Edward G. Payne, a plumber called by the plaintiff as an expert witness, testified that he had examined the shower eight months after the plaintiff's fall. He said that the "reasonable correct" way to repair the leaking shower was to install new side panels, "to eliminate

the corrosion and rust that has existed on the present shower." He also stated that it was proper to repair such a leak with the use of a plastic seal or with red lead and putty. The witness had never used "Permatex" and was, therefore, unable to express an opinion as to whether its use was proper or not.

Thomas Earl Nettles, a plumber called by the defendant as an expert witness, testified that "Permatex" was an acceptable method of stopping leaks in a shower stall, provided the panels were not badly rusted.

It has long been the law in Virginia that where a landlord enters leased premises, after delivering possession to the tenant, for the purpose of making repairs, he must use reasonable care in performing the work. In order for the tenant to recover for injuries caused by a defective condition resulting from the repairs, he must show that the repairs were made in a negligent manner. *Oliver* v. *Cashin*, 192 Va. 540, 543, 544, 65 S. E. 2d 571; *Luedtke* v. *Phillips*, 190 Va. 207, 212, 56 S. E. 2d 80; *Tugman* v. *Riverside Cot. Mills*, 144 Va. 473, 478, 479, 132 S. E. 179.

The plaintiff concedes that the law in Virginia is as laid down in the *Oliver, Luedtke* and *Tugman* cases, *supra*. But she urges us to extend the rulings of those cases to encompass the doctrine recognized in Massachusetts in the cases of *Connery* v. *Cass*, 277 Mass. 545, 179 N. E. 164 and *Shute* v. *Bills, et al.*, 191 Mass. 433, 78 N. E. 96. In these latter cases, the Supreme Judicial Court of Massachusetts held that proof that repairs were ineffectually made by a landlord was sufficient to justify an inference of negligence in the making of such repairs.

We are unwilling to overturn what has been recognized and relied upon as the law in this Commonwealth, formulated after long experience and based upon sound principles, in favor of a doctrine which, in practical effect, would make the landlord almost an insurer of his tenant's safety.

We think the better rule is that shared by Virginia with most of her sister states, i.e., that the liability of the landlord, in a situation such as the one before us, rests upon proof of his failure to use reasonable care in making repairs, rather than upon the mere fact, standing alone, that after the repairs are made there yet may remain a defect in the premises. 32 Am. Jur., Landlord and Tenant, § 678, p. 547, Annotation 163 A. L. R. 300, at p. 317; Annotation 78 A. L. R. 2d 1238, at p. 1258; 52 C. J. S., Landlord and Tenant, § 417(c), p. 41.

In the case before us, there was no proof that the repairs to the

shower were performed in a negligent manner. It is true that Mrs. O'Neal said that she saw loose putty around the edges of the shower, but her vague testimony leaves a serious question as to whether the condition she observed existed after the repairs were made on September 6, 1960. Nor was it shown that the putty was installed by the defendant or that it caused the shower to leak.

It is also true that plaintiff's expert witness said that the installation of new panels was the "reasonable correct" way to repair the defect if the old panels were rusted and corroded. But there was no evidence that the old panels were rusted and corroded at the time the defendant made the repairs. Nor did the testimony of the expert mean that there were not other acceptable methods of making the repairs. In fact, the witness himself suggested two other methods that would be proper.

The defendant used "Permatex" to correct the leak, which the uncontradicted evidence showed was an acceptable method. Since this was a proper way of making the repairs and there was no evidence that the work was negligently performed, then negligence did not exist and there was no issue for the jury to decide.

The action of the trial judge in striking the evidence was, therefore, proper. Accordingly, the judgment will be

*Affirmed.*