DONNA HOLLAND

V.

JAMES R. SHIVELY

Record No. 910474

February 28, 1992

Present: All the Justices

Arthur P. Strickland (Strickland & Rogers, on briefs), for appellant.

John L. Cooley (Wooten & Hart, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

The primary issue that we consider in this appeal is whether the trial court erred by setting aside a jury verdict in favor of a tenant who was injured as a result of her landlord's alleged negligent repair of the premises.

Although the trial court set aside the verdict, we accord the recipient of a jury verdict the benefit of all substantial conflicts in the evidence and all reasonable inferences which may be drawn therefrom. Therefore, we will state the facts in the light most favorable to the plaintiff, and if there is any credible evidence in the record which supports the jury's verdict, then we must rein-

state that verdict and enter judgment thereon. *Rogers* v. *Marrow*, 243 Va. 162, 166, 413 S.E.2d 344, 347 (1992).

In November 1988, Donna Holland and her husband, Eldridge Holland, learned that James R. Shively owned a trailer which he desired to lease. They met with Mr. Shively on several occasions and viewed the trailer. They informed him that the trailer was too small to accommodate their needs and they identified certain items in need of repair. Mr. Shively agreed to build an additional room onto the trailer and to correct certain deficiencies, including the front porch which contained rotten wood and had steps which consisted of "loose cinder blocks stacked on top of one another." The Hollands signed a lease with Mr. Shively in November and moved into the trailer in December 1988.

Mr. Shively retained Curtis Pacetti, an independent contractor, to perform the repairs and build the addition to the trailer. In order to construct the addition, it was necessary for Mr. Pacetti to remove the trailer's rear door and steps. Mr. Shively directed Mr. Pacetti to nail plywood board across the opening caused by removal of the rear door. Once the plywood had been nailed across the opening, ingress or egress to the trailer could only be obtained by using the front porch and steps.

On one occasion, Mr. Holland stepped on the porch and fell through it to the ground. Shortly thereafter, he called Mr. Shively, who responded by dismantling a portion of the porch and "haul[ing] it off."

On February 27, 1989, Donna Holland fell and hurt her back when leaving the trailer as she stepped on a cinder block step, which rolled over. As a result of her fall, she incurred medical bills and loss of wages.

Mrs. Holland filed this proceeding against Mr. Shively and alleged, *inter alia*, that she was injured because of his negligent repair of the steps. The case was tried before a jury which returned a verdict in favor of Mrs. Holland for $20,000. The trial judge set aside the verdict. We awarded Mrs. Holland an appeal.

This action was tried solely on the issue whether Mr. Shively had entered the premises to make repairs and if so, whether he had exercised ordinary care in doing so. Mrs. Holland argues that the trial court erred by setting aside the verdict of the jury because she presented evidence from which the jury reasonably could have concluded that Mr. Shively was negligent. Mr. Shively argues, however, that he was not negligent but even had he been

negligent, Mrs. Holland, as a matter of law, assumed the risk of injury and was guilty of contributory negligence.

■ We have repeatedly stated the legal principles which govern this dispute.

> It has long been the law in Virginia that where a landlord enters leased premises, after delivering possession to the tenant, for the purpose of making repairs, he must use reasonable care in performing the work. In order for the tenant to recover for injuries caused by a defective condition resulting from the repairs, he must show that the repairs were made in a negligent manner.

*Oden* v. *Housing Authority*, 203 Va. 638, 640, 125 S.E.2d 843, 845 (1962) (citations omitted). *See also Kesler* v. *Allen*, 233 Va. 130, 133, 353 S.E.2d 777, 779-80 (1987); *Luedtke* v. *Phillips*, 190 Va. 207, 212, 56 S.E.2d 80, 83 (1949).

■ We hold that the record contains sufficient evidence upon which the jury could have relied to find that Mr. Shively was negligent. Before Mrs. Holland fell, her husband had fallen through the porch. Thereafter, Mr. Shively entered the premises and repaired a portion of the porch. The jury was entitled to find that Mr. Shively was negligent because his actions of merely removing the rotten boards did not correct the defects in the steps which are an integral component of the porch.

■ We disagree with Mr. Shively's argument that Mrs. Holland was guilty of assumption of the risk and contributory negligence as a matter of law. Normally, assumption of the risk and contributory negligence are jury issues unless reasonable minds could not differ about their resolution. *Artrip* v. *E.E. Berry Equipment Co.*, 240 Va. 354, 397 S.E.2d 821 (1990). We have recently discussed the differences between these tort defenses:

> The doctrines of contributory negligence and assumption of risk, though closely related, are not identical . . . . The essence of contributory negligence is carelessness and involves an objective test, *i.e.*, whether a plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances . . . . Assumption of risk, on the other hand, connotes venturousness and involves a subjective test, *i.e.*, whether a plaintiff fully understood the nature and

extent of a known danger and voluntarily exposed himself to it.

240 Va. at 358, 397 S.E.2d at 823-24 (citations omitted).

Mrs. Holland testified that the sole means of access to and from the trailer was by use of the front porch and steps. As we stated in *Paytan* v. *Rowland*, 208 Va. 24, 27, 155 S.E.2d 36, 38 (1967), "[a] tenant is not contributorily negligent as a matter of law when she walks across a porch that affords the only practicable access to the back yard, even though she knows the porch is in bad condition." Additionally, Mrs. Holland testified that she was careful when she walked down the steps at the time of her fall.

Mr. Shively contends, however, that Mrs. Holland could have left the trailer by removing the plywood that had been affixed to the rear door frame. However, this was an issue which was considered by the jury. We hold that reasonable minds could differ about whether Mrs. Holland acted as a reasonable person under the circumstances. Therefore, the trial court erred in holding that she was guilty of contributory negligence as a matter of law.

Finally, we cannot say as a matter of law that Mrs. Holland voluntarily assumed the risk of injury. Whether Mrs. Holland voluntarily exposed herself to injury is, within the meaning of the assumption of risk doctrine, a jury question. *Artrip*, 240 Va. at 358, 397 S.E.2d at 824; *see also VanCollom* v. *Johnson*, 228 Va. 103, 106, 319 S.E.2d 745, 746 (1984). The jury could have concluded that Mr. Shively's actions, which included directing Mr. Pacetti to affix the plywood board over the rear doorway, left Mrs. Holland no reasonable alternative course of conduct but to use the front porch and steps when leaving the trailer.*

Accordingly, we will reverse the judgment of the trial court, reinstate the verdict of the jury, and enter final judgment here in favor of Mrs. Holland.

*Reversed and final judgment.*

---

* In view of our holding, we do not consider the remaining assignment of error.