# MARY CAROL LOVING

## v.

# DAVID LANE HAYDEN, SR., ET AL.

Record No. 920898

April 16, 1993

Present: Carrico, C.J., Compton, Whiting, Lacy, Hassell, and Keenan, JJ.,
and Poff, Senior Justice

*Roscoe B. Stephenson, III (George J. Kostel; Kostel, Watson, Snyder & Stephenson*, on briefs), for appellant.

*Shannon T. Mason, Jr. (Benjamin M. Mason; Mason & Mason*, on brief), for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether the trial court erred by setting aside a jury verdict in favor of the plaintiff, Mary Carol Loving, for personal injuries she sustained in an automobile accident.

Even though the trial court set the verdict aside, we accord the recipient of a jury verdict the benefit of all substantial conflicts of the evidence and all reasonable inferences that may be drawn therefrom. Therefore, we will state the facts in the light most favorable to Loving, and if there is any credible evidence in the record that supports the verdict, then we must reinstate that verdict and enter judgment thereon. *Holland* v. *Shively*, 243 Va. 308, 309-10, 415 S.E.2d 222, 223 (1992).

The accident that is the subject of this appeal occurred at the intersection of Commander Shepard Boulevard and North Armistead Avenue in Hampton. Commander Shepard Boulevard extends north and south. North Armistead Avenue extends east and west. A "guard shack" is located on Commander Shepard Boulevard approximately 65 feet north of the intersection. Vehicles traveling north on Commander Shepard Boulevard must stop at the "guard shack" before entering the National Aeronautics Space Administration (NASA) property, an area restricted to public traffic.

An exhibit, drawn at trial by Wayne Childress, the officer who investigated the accident, indicates that two lanes of travel extend in a southerly direction on Commander Shepard Boulevard and are used by vehicles exiting NASA. Traffic in these lanes is controlled

by two yield signs, located at the intersection of Commander Shepard Boulevard and North Armistead Avenue. The posted speed limit is 25 miles per hour.

Loving was driving her car north on Commander Shepard Boulevard. As she approached the intersection, she moved into the left-turn lane and activated her car's left-turn signal light. As she began to make her left turn onto North Armistead Avenue, she looked and did not see any vehicles that would obstruct her intended path of travel. As she proceeded through the intersection, her car was struck by a Ford Bronco driven south into the intersection by David Lane Hayden, Sr.

According to David Earnest Brownley, a witness to the accident, Hayden's vehicle was traveling 35 to 40 miles per hour when the accident occurred. The collision moved Loving's car a distance of 30 to 50 feet from the point of impact. After the accident, Hayden got out of his vehicle and stated, on at least three occasions, that he did not see Loving's car.

Loving testified that even though she looked before she entered the intersection, the "guard shack" obstructed her vision because "[y]ou cannot see the left-hand lane fully of cars coming out [of NASA] if you're a certain distance away, because the guard shack being in the median blocks the first portion of that left-hand lane coming out." Hayden's vehicle was traveling in the left-hand lane when the accident occurred.

The jury considered issues relating to liability, contributory negligence, and damages and returned a verdict in favor of Loving against Hayden and his employer, Radiological Services, Inc., in the amount of $750,000. The trial court set the verdict aside because it was of opinion that Loving was contributorily negligent as a matter of law and that her negligence was a proximate cause of the accident. We awarded Loving an appeal.

Loving argues that reasonable minds could differ whether she was negligent in failing to see Hayden's vehicle and, therefore, the trial court erred by holding that she was guilty of contributory negligence as a matter of law. Hayden and Radiological Services argue that Loving had an absolute duty to see an oncoming vehicle which was in plain view and that she was guilty of contributory negligence as a matter of law because she failed to see Hayden's vehicle.

We have stated on numerous occasions the legal principles pertinent to our resolution of this appeal:

Resolving conflicts in the evidence is a prerogative of the jury. A court should not determine as a matter of law that a party is guilty of or free from negligence unless the evidence is such that reasonable [persons], after weighing the evidence and drawing all just inferences therefrom, could reach but one conclusion.

*J & E Express, Inc.* v. *Hancock Peanut Co.*, 220 Va. 57, 62, 255 S.E.2d 481, 485 (1979). Furthermore, we have stated repeatedly that, ordinarily questions of contributory negligence must be resolved by the jury. *Holland* v. *Shively*, 243 Va. at 311, 415 S.E.2d at 224; *Artrip* v. *E.E. Berry Equip. Co.*, 240 Va. 354, 358, 397 S.E.2d 821, 823 (1990); *Philip Morris Inc.* v. *Emerson*, 235 Va. 380, 403, 368 S.E.2d 268, 280 (1988).

■ We hold that the trial court erred by holding that Loving was guilty of contributory negligence as a matter of law. Our review of the evidence of record reveals that reasonable persons could indeed differ on that issue.

As we mentioned earlier, Loving testified that even though she looked before entering the intersection, the ''guard shack'' obstructed her view of vehicles traveling in a southerly direction in the left lane on Commander Shepard Boulevard, Hayden's lane of travel when the accident occurred. The jury was entitled to conclude that when Loving looked before she entered the intersection, her view of Hayden's vehicle was obstructed by the ''guard shack'' and that she did not see, and in the exercise of reasonable care under the circumstances could not have seen, his vehicle in sufficient time to avoid the accident.

■ It is true that we have held that a driver has a duty to ''keep a reasonable lookout for oncoming vehicles and to see any such vehicles approaching in plain view.'' *Von Roy* v. *Whitescarver*, 197 Va. 384, 391, 89 S.E.2d 346, 351 (1955). However, whether Hayden's vehicle was approaching Loving's car in ''plain view'' was a question of fact to be resolved by the jury.

Hayden and Radiological Associates now seek to argue that the trial court erred by refusing to grant their motion for a mistrial. At trial, Loving's counsel requested in closing argument that the jury award her specific amounts of compensation for past and future pain, suffering, mental anguish, inconvenience, bodily injury, and disfigurement. Her attorney suggested a dollar range for each element of damage and wrote those ranges on a chart that he showed to

the jury. Counsel for Hayden and Radiological Services made a motion for a mistrial, which was renewed after the jury had returned its verdict. Because the trial court set aside the verdict on the ground that Loving was guilty of contributory negligence as a matter of law, the court did not rule on the motion for a mistrial.

■ Subsequently, Hayden and Radiological Services filed a petition for appeal to this Court and argued that the trial court erred because it did not rule on their motion for a mistrial. We dismissed the petition for lack of jurisdiction, because the petitioners were the recipients of a favorable final judgment and, therefore, they were not aggrieved parties within the intendment of Code § 8.01-670(A)(3). *Hayden* v. *Loving*, Record No. 920934 (October 28, 1992).

■ Rule 5:18(b) states, in relevant part: "The brief in opposition may include assignments of cross-error and, except in cases of appeals of right to this Court, no cross-error not then assigned will be noticed by this Court." Hayden and Radiological Associates failed to assign cross-error to the trial court's failure to rule on their motion for a mistrial as required by Rule 5:18 and, therefore, we will not consider their argument. *See Virginia Alcoholic Beverage Control Bd.* v. *Village Grill*, 217 Va. 632, 636, 231 S.E.2d 327, 330 (1977).

Accordingly, we will reverse the judgment of the trial court, reinstate the jury's verdict, and will enter final judgment here confirming that verdict.

*Reversed and final judgment.*