## CIRCUIT COURT OF ALBEMARLE COUNTY

Colleen M. Roller

v.

John A. Jane

September 9, 1997

Case No. (Law) 6089-L

By Judge Paul M. Peatross, Jr.

This matter comes before the Court on Defendant's Motion in Limine Concerning UVA Hospital Policies and Procedures and Defendant's Motion in Limine Concerning the Opinion Testimony of Plaintiff's Expert Karen Swisher. Hearing on these motions was held on August 29, 1997. A trial date has not been set.

### Background

Plaintiff, Colleen Roller, suffered from a non-cancerous tumor on her thoracic spine. After partially successful surgery to remove the tumor in 1990, Plaintiff sought medical treatment from Defendant, Dr. John Jane, in 1991. Plaintiff was advised that a cavity had developed near the remaining tumor. Plaintiff underwent surgery under the care of Defendant to correct the situation on September 5, 1991. Plaintiff claims the surgery exceeded the scope of permission granted to Defendant. Defendant denies this allegation.

With regards to the University of Virginia Medical Center's (UVMC's) policies and procedures, Defendant claims the requested documents are not relevant to the issue raised in this action since private rules are not relevant to the standard of care in negligence cases under *Pullen & McCoy v. Nickens,* 226 Va. 342 (1983), and *Virginia Railway & Power Co. v. Godsey,* 117 Va. 167 (1915). Additionally, Defendant claims the procedures and policies were formulated for the UVMC's own use by its committees, and as such, are

subject to privilege granted under §§ 8.01-581.16 and 8.01-581.17 of the Code of Virginia.

In contrast, Plaintiff claims that UVMC's policies and procedures are relevant to this action because the rules of *Godsey* and *Pullen & McCoy* only apply to negligence cases, not assault and battery cases. Additionally, Plaintiff contends that because UVMC is required by state law to formulate rules on informed consent, the rules are not private rules but become public rules on which others can rely.

With regards to the expert testimony of Karen Swisher, Defendant claims that Swisher's testimony will attempt to set forth legal conclusions that invade the province of the jury as finders of fact and this Court as the finder of law.

Plaintiff counters by asserting that Swisher will merely educate the jury in the history of the doctrine of informed consent and the role that informed consent plays in today's medical climate. Such background will, Plaintiff claims, assist the jury in making an informed decision on the issues in this case.

### *Discussion of Authority*

### *Admissibility of Hospital Policies and Procedures*

The Supreme Court of Virginia has stated that "private rules are inadmissible in evidence either for or against a litigant who is not a party to such rules." *Pullen & McCoy*, 226 Va. at 351. This has been the unwavering policy of the Supreme Court of Virginia since 1915. *Godsey*, 117 Va. at 169. The rationale behind the Commonwealth's rule is not to penalize organizations for having higher standards in their private organization than the law requires. *Pullen & McCoy*, 226 Va. at 350. Allowing private rules to be admissible would encourage organizations to adopt the minimal standard acceptable at law in order to avoid potential liability. *Godsey*, 117 Va. at 169. The Commonwealth has made a decision to favor public good over the potential benefit to litigants and not allow the private rules into evidence. Furthermore, in formulating this policy, the Commonwealth has noted that the majority of jurisdictions allow the introduction of private rules as evidence. Therefore, such a policy mandate reflects an adoption of a strong state policy. *Hottle v. Beach Aircraft Corp.*, 47 F.3d 106 (4th Cir. Va. 1995).

Plaintiff attempts to distinguish this case from the general rule in three ways. First, Plaintiff argues that the previous case law applies only to negligence cases and should not be extended to battery cases. Second, Plaintiff contends that UVMC's policies and procedures manuals are not

private rules but are public rules since accrediting organizations and the state legislature require UVMC to formulate such policies. Finally, Plaintiff suggests that she was a party to UVMC's policies and the rules should not apply to her. The Court finds these arguments unpersuasive.

While it is true that *Godsey* and *Pullen & McCoy* deal with negligence cases, the language used states "private rules are *inadmissible in evidence either for or against a litigant* ... ." *Pullen & McCoy*, 226 Va. at 351 (emphasis added). Nothing in the case law limits the applicability to negligence actions only. In the absence of such limitation by the courts and legislature, the same policy considerations making the rule applicable in negligence actions should be applicable to battery claims as well.

UVMC is required to have policies regarding informed consent. Such policies are required by accreditation groups and the state legislature (imposed by the State Board of Health). However, this requirement does not dictate the content of the policies for informed consent, just their existence. Such content is determined by the UVMC staff, with the requirement the rules be consistent with legal requirements in place at the time. Joint Commission on Accreditation of Hospitals, *Accreditation Manual for Hospitals* (1991). Plaintiff contends that since UVMC is required to have such policies, § 8.01-388, Code of Virginia, requires that the policies be judicially recognized. However, judicial recognition is a far cry from admissibility of evidence as relevant. Since the Supreme Court of Virginia has declared private rules inadmissible, the evidence is not relevant to the case and therefore inadmissible. Code § 8.01-388 does not override the logic of the earlier decisions regarding admissibility of private rules established by the Supreme Court of Virginia.

Finally, Plaintiff submits that she was a party to the informed consent rules of the UVMC, since these rules were for her benefit as well as UVMC. Plaintiff relies on the language that "private rules are inadmissible in evidence either for or against a litigant *who is not a party to the rules.*" *Pullen & McCoy*, 226 Va. at 351 (emphasis added). However, the Supreme Court of Virginia declared private rules are for the guidance of the employees in their every day affairs. *Godsey*, 117 Va. at 168. This suggests that third parties are not to be considered "parties" to private rules, and the rules are not formulated for their benefit. Furthermore, Plaintiff does not claim that she was a part of formulating these rules or that she specifically relied on any aspect of UVMC's informed consent policy that would differ in any significant way from the law of Virginia. Therefore, the Court concludes that she was not a party to the rules under the meaning of *Godsey*.

Since the Court has determined that UVMC's internal policies and procedures manuals are not relevant to the issues in this case based on the logic of the rule espoused in *Pullen & McCoy*, the Court does not reach the issue of whether §§ 8.01-581.16 and 8.01-581.17 are applicable to this question.

*Testimony of Expert Karen Swisher*

Virginia Code § 8.01-401.3 governs the use of expert testimony in civil actions. This rule allows testimony of an expert if their specialized knowledge will assist the trier of fact "to understand the evidence or to determine a fact in issue ... ." § 8.01-401.3(A). This expert testimony may pertain to the ultimate issue of fact in the case. § 8.01-401.3(B). However, subsection B expressly prohibits an expert from expressing any opinion "which constitutes a conclusion of law ... ." § 8.01-401.3(B).

The requirements for the admission of expert testimony have been relaxed under § 8.01-401.3. *Tittsworth v. Robinson*, 252 Va. 151 (1996). Under § 8.01-401.3, an expert may now be called to educate a jury on the principles relevant in the case at bar. However, the issue to which the expert is testifying must not be one which concerns common knowledge or issues in which the jury is as competent to form an intelligent decision as the expert. *Holcomb v. NationsBank Financial Services Corp.*, 248 Va. 445 (1994).

In the case at bar, the Court believes that the issue of informed consent is one which is appropriate for expert testimony. The Court finds persuasive Plaintiff's evidence showing that the readability and understandability of consent forms is beyond the comprehension of most Americans. (Plaintiff's Brief, page 15.) Therefore, any testimony offered by Mrs. Swisher to educate the jury about the background and issues involved in informed consent is admissible. Such testimony will not invade the jurors' province as fact finders but will enable them to make a better informed decision regarding the issues presented in the case.

However, based on the Plaintiff's Supplemental Designation of Expert Witnesses, which included a summary of the opinion testimony to be offered by Mrs. Swisher, many of the opinions she will proffer are opinions which constitute a conclusion of law. Such opinions are not allowed under § 8.01-401.3(B). Examples of an opinion that constitutes a conclusion of law would be opinion number 10 of Mrs. Swisher's expert designation. It states:

> Removal of the tumor and performance of the laminectomy, noted in paragraph 9, was not consented to or authorized by Roller. Roller had

a right to refuse surgical excision of the tumor and the laminectomy, which she exercised prior to the surgery. Defendant Jane violated this right and committed battery per UVMC's own policies in existence at that date.

Defendant Brief, exhibit 11, p. 6.

Clearly, this is an opinion as to the ultimate issue in the case at bar, whether Defendant exceeded the scope of his informed consent during the operation.

Several of Mrs. Swisher's other opinions express similar conclusions of law. Opinion number 7 states that "Roller did not consent to a laminectomy or surgical excision of a benign tumor . . ." and "[t]he method of this consent did not accord with patient self-determination and autonomy ... ." *Id.* at 6. Opinion number 8 states "that consent form did not authorize excision of the tumor or performance of a laminectomy ... ." *Id.* at 6. Opinions numbers 5, 11, and 12 also state opinions which constitute opinions of law.

Opinions which state conclusions of law are not admissible under § 8.01-401.3(B). Therefore, the Court rules that Mrs. Swisher is barred from testifying to the content of opinions 5, 7, 8, 10, 11, and 12 as they relate to UVMC's procedure governing informed consent, the bounds of the informed consent in this case, whether the informed consent was obtained in a lawful manner, whether Dr. Jane violated this consent, and whether there were or were not circumstances which justified violation of said consent. Mrs. Swisher is free to offer opinion testimony as to the general background, purpose, and history of informed consent.

*Ruling*

The Court grants the Defendant's Motion in Limine Concerning UVA Hospital Policies and Procedures. The Court grants in part and denies in part the Defendant's Motion in Limine Concerning the Opinion Testimony of Plaintiff Expert Karen Swisher as outlined above.