# CIRCUIT COURT OF THE CITY OF RICHMOND

Siva, Inc.

v.

City of Richmond

December 8, 1998

Case No. LC-3114-4

BY JUDGE RANDALL G. JOHNSON

Siva, Inc., ("taxpayer") filed this action under the provisions of Va. Code § 58.1-3984 to correct what it alleges are erroneous tax assessments on certain real property it owns in the City of Richmond. The action was filed on December 23, 1997, and challenges the assessments for the tax years ending December 31, 1994, December 31, 1995, and December 31, 1996. It is before the court on the City's plea of the statute of limitations. It is the City's position that a one-year statute of limitations applies, making the taxpayer's challenge to the 1994 and 1995 assessments untimely.

For purposes of the pending issue, the relevant portion of § 58.1-3984 provides:

A. Any person assessed with local taxes, aggrieved by any such assessment, may, unless otherwise specially provided by law, (i) within three years from the last day of the tax year for which any such assessment is made … apply for relief to the circuit court of the county or city wherein such assessment was made.

According to the city, the limitations period applicable to the case at bar *is* otherwise specially provided by law. The court agrees. Specifically, Chapter 261 of the Acts of the General Assembly of 1936, which is continued in effect by Va. Code § 58.1-3260, provides:

Be it enacted by the General Assembly of Virginia:

1. That in cities containing more than one hundred and seventy-five thousand inhabitants, according to the last preceding United States census, the council or other governing body of such cities, may in lieu of the method now prescribed by law, *provide* for the annual assessment of real estate for local taxation, and to that end may elect one or more persons to assess such real estate for taxation ... .

3. Any person or any such city aggrieved by any such assessment may apply for relief to the hustings or corporation court of such city, *within one year from the thirty-first day of December of the year in which such assessment is made ... .*[1]

Emphasis added.

It is not contested that the City of Richmond has more than 175,000 inhabitants or that the City makes annual assessments of real estate. What the taxpayer argues is that the limitations period in the 1936 Act is only permissive and does not prevent a challenge under Va. Code § 58.1-3984 within three years. The taxpayer also argues that the City has rejected the one-year limitations period contained in the 1936 Act by repealing a reference to that one-year period in an ordinance enacted pursuant to the act. The Court rejects both arguments.

With regard to whether the one-year limitations period is only permissive, the taxpayer argues that by providing different limitations periods in the 1936 Act and Va. Code § 58.1-3984, the General Assembly has given taxpayers the option of deciding which period to use. In fact, according to the taxpayer, the use of the word "may" in the 1936 Act — that any person "may" apply for relief within one year — means that a taxpayer may elect *not* to apply for relief within one year and apply within three years instead. But if that is what the General Assembly meant, why did it say anything at all? Section 58.1-3984 already gives taxpayers three years to challenge real property taxes. What does giving one year in the 1936 Act do?

Also, in the case of *St. Andrew's Ass'n v. City of Richmond*, 203 Va. 639, 125 S.E.2d 864 (1962), the Supreme Court commented that the 1936 Act's one-year limitation "applied only to the annual fixing of the fair market value of the property," not to whether the property was subject to taxation at all, something which the Court held was governed by a two-year limitation. 203

---

[1] Virginia Code § 17-116.1(a) provides, in part, that "[a]ny reference in this Code or in any act of the General Assembly to a corporation, hustings, law and chancery, law and equity, chancery, or other court of record of a city shall apply to the circuit court thereof, *mutatis mutandis*"

Va. at 635. But if the one-year limitation of the 1936 Act was only permissive, why did the Court find it necessary to make any distinction at all? The taxpayer could have simply elected to proceed under the two-year statute. The Court must have recognized that the one-year limitation meant something.

It is obvious that the legislature meant what the statutes plainly say. The limitations period contained in Va. Code § 58.1-3984 is three years, *unless otherwise specially provided.* Chapter 261 of the 1936 Act otherwise specially provides. The use of the word "may" means nothing more than that there is no requirement that a person aggrieved by an assessment seek relief. But if relief is sought, it must be sought within one year.

The court also disagrees with the taxpayer's argument that the city has rejected the one-year limitations period of the 1936 Act. In this regard, it appears that the city enacted an ordinance in 1937 calling for the annual assessment of real property. The ordinance also contained a one-year limitations period identical to the one contained in the 1936 Act of the General Assembly. While the annual assessment of taxes still occurs under the ordinance, the limitations period has been removed, and the ordinance now has no limitations period set out in it. That, however, makes no difference. The 1936 Act of the General Assembly contains the limitations period applicable to the procedure contained in it. There is no requirement that cities accept or reject it. In fact, cities have no ability to accept or reject it. If a city does the things set out in the 1936 Act — that is, makes annual assessments, appoints one or more assessors, etc. — the limitations period for challenging an assessment is one year, and the failure of a city's ordinance to "parrot" the Act's limitations period means nothing. Since the City of Richmond does the things set out in the statute, the taxpayer now before the court had one year to challenge its assessments. It failed to do so with regard to two of the years in question. It is too late to do so now. The City's plea is sustained.

*Order*

This cause came on November 17, 1998, on defendant's plea of the statute of limitations and was argued by counsel.

Upon consideration whereof and for the reasons stated in the letter opinion dated this date, it is ordered that defendant's plea is sustained, and this action is dismissed as to plaintiff's challenge to the tax assessments of its real property for tax years ending December 31, 1994, and December 31, 1995, plaintiff's objection being noted. The action shall remain pending as to plaintiff's challenge to the assessment for the tax year ending December 31, 1996.