# CIRCUIT COURT OF THE CITY OF RICHMOND

Bon Secours
Richmond Community
Hospital

v.

City of Richmond

June 20, 2000

Case No. LF-21-3

BY JUDGE T. J. MARKOW

The parties appeared by counsel on Defendant City of Richmond's Amended Special Plea of the Statute of Limitations, and memoranda were received and argument was heard.

Pursuant to Code § 58.1-3984, plaintiff, Bon Secours-Richmond Community Hospital, challenges tax assessments on real property assessed by the locality for tax years 1996, 1997, and 1998. Plaintiff asserts that the City's assessor's valuation of the properties in question and revocation of plaintiff's exempt status were both erroneous.

During argument, the City requested a ruling only on the issue raised in its Amended Special Plea of the Statute of Limitations. Citing *Siva, Inc. v. City of Richmond*, 47 Va. Cir. 452 (1998) (Johnson, J.), the City argues that a one-year statute of limitations bars plaintiff's action as regards the valuation of property for tax year 1996. The City believes that the limitations period for plaintiff's claim began to run on December 31, 1996, and extinguished the cause of action one year later. Plaintiff filed this action on January 4, 1999. Therefore, the City contends, plaintiff's claim as to tax year 1996 is barred.

Plaintiff asserts that the limitations period was tolled when plaintiff filed an administrative appeal of the assessment in 1997 pursuant to Code § 58.1-3980. Plaintiff offers a letter dated May 17, 1997, and written by plaintiff's counsel to Mr. Robert Jabbar at the City's Office of the Assessor of Real

Estate. In the letter, plaintiff requests a correction of an erroneous assessment for tax year 1996 due to the fact that the assessor misunderstood the ownership of the parcels and removed the property's exempt status. The letter explains that a change in name for the hospital only reflected an affiliation with the Sisters of Bon Secours, a tax-exempt, religious order. Plaintiff filed suit in January 1999 having heard no response to the administrative appeal.

The City contends that the letter did not toll the limitations period for the valuation issue for tax year 1996 because only the issue of exempt status was challenged in writing. Plaintiff counters that although the letter does not raise the valuation issue, the parties discussed valuation in negotiations. As evidence, plaintiff directs the court's attention to a letter from the City dated March 12, 1999.

In the March 12th letter, the City's Attorney acknowledges an earlier discussion about the valuation issue and recalls offering to ask the assessor to look into the issue. The letter explains, however, that an opinion of the Attorney General, later recalled by the City's Attorney, precluded making informal requests to the city's assessor. The 1999 letter ends by asking plaintiff to apply for such a correction in writing.

The City now cites the letter to contend that plaintiff's administrative appeal did not raise the valuation issue in writing pursuant to Code § 58.1-3980 and the opinion of the Attorney General. See 1984-85 Va. Op. Att'y Gen. 316. The City asserts that an application for a correction under Code § 58.1-3980 must state all the relevant facts for an appeal. Thus, the argument goes, that part of plaintiff's cause of action which is based on an erroneous valuation for tax year 1996 was not tolled because it was not included in the 1997 letter to the tax assessor. Hence, the City believes that this action, filed in 1999, is barred by the one-year statute of limitations.

In its final response, plaintiff maintains that while Code § 58.1-3980 requires an appeal to be in writing, no part of the Code describes what the writing must encompass. Plaintiff advises that an uncomplicated administrative appeal process fits the General Assembly's intent to provide a less costly alternative to litigation. The court rules as follows.

Pertinent to plaintiff's policy argument, the Supreme Court of Virginia has instructed:

> [i]n the construction of statutes, the courts have but one object, to which all rules of construction are subservient, and that is to ascertain the will of the legislature, the true intent and meaning of the statute, which are to be gathered by giving to all the words used their plain meaning . . . .

*Lucy v. County of Albemarle*, 258 Va. 118, 129-30 (1999) (citing *Tyson v. Scott*, 116 Va. 243, 253 (1914); *Waller v. Commonwealth*, 192 Va. 83, 89 (1951); *The Covington Virginian, Inc. v. Woods*, 182 Va. 538, 548-49 (1944)) (emphasis added).

That in mind, the court begins with Code § 58.1-3984(A), which enabled plaintiff to file this cause of action and which provides in relevant part:

> Any person assessed with local taxes, aggrieved by any such assessment, may, unless otherwise specially provided by law, (i) within three years from the last day of the tax year for which any such assessment is made, (ii) within one year from the date of the assessment, (iii) within one year from the date of the Tax Commissioner's final determination . . . or (iv) within one year from the date of the final determination under § 58.1-3981, whichever is later, apply for relief to the circuit court of the county or city wherein such assessment was made.

(Emphasis added.) Again, plaintiff relies on Code § 58.1-3984(A)(iv), arguing that it timely appealed the assessor's ruling and has not yet received a final determination.

However, where a person is aggrieved by an assessment of local tax in Richmond, the remedy in § 58.1-3984 is otherwise provided by law, that law being Chapter 261 of the 1936 Acts of Assembly. See *St. Andrew's Ass'n v. City of Richmond*, 203 Va. 630 (1962); see also *Siva*, 47 Va. Cir. 452 (1998); Va. Code § 58.1-3260 (1950) (continuing the effect of Chapter 261). Significantly, paragraph (3) of Chapter 261 reads:

> [a]ny person or any such city aggrieved by any assessment made by the assessor or assessors . . . may apply for relief to the corporation or hustings court of such city within one year from the thirty-first day of December of the year in which such assessment is made . . . .

Under Code § 17-116.1(a), the circuit court is now the appropriate forum for relief.

The one-year statute of limitations of Chapter 261 only applies to issues involving the valuation of real property, like the one at bar. See *St. Andrew's Ass'n*, 203 Va. 630 (1962). The statute does not apply to disputes about the rate at which a property will be taxed or whether a property is exempt. See *id.* Most notably, the Supreme Court of Virginia has explained the policy evinced

by the distinction between extending the tax to property and determining the property's fair market value.

> Since reappraisal is to be made annually . . . it is important to get each year's appraisal settled before the next one is made; so a complaint that the land has been wrongfully valued must be made in one year . . . .

*Id.* at 635.

Additionally, unlike Code § 58.1-3984(A)(iv), Chapter 261 does not allow for the tolling of the limitations period when the taxpayer has first appealed to the assessor for alteration of the error. As the General Assembly placed the phrase "unless otherwise specially provided by law" before the various limitations periods in the balance of the sentence in Code § 58.1-3984(A), Chapter 261 wholly substitutes those limitations periods as far as they relate to a taxpayer's challenge to the valuation of real estate.

The plain meaning of the statutes, therefore, requires the court to find Code § 58.1-3984(A)(iv) inapplicable to this case and to reject plaintiff's arguments that the appeal to the assessor tolled the statute of limitations on the valuation issue for tax year 1996. The one-year statutory period was not otherwise tolled. Furthermore, plaintiff's action opposing the assessor's valuation of the property in 1996 was not filed within the limitations period. Consequently, plaintiff's filing is untimely, and the action is barred.

It is, therefore, ordered that the Amended Special Plea of the Statute of Limitations is sustained. Plaintiff's challenge to the assessor's valuation of property for tax year 1996 in the Application for Correction of Erroneous Assessment of Real Estate Taxes is dismissed.