# CIRCUIT COURT OF ALBEMARLE COUNTY

Andrew Jackson Clark

v.

Southern States
Cooperative, Inc.

January 7, 2002

Case No. CL01-8806

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Plaintiff's Motion in Limine to Exclude Evidence of two placards that were attached to the Defendant's fertilizer trailer at the time of the accident in this case. While evidence of the placards should not be admissible for purposes of the Defendant's contributory negligence defense, the issue is whether or not evidence of the placards should be admissible for purposes of the Defendant's assumption of risk defense. The first placard advised one not to exceed the speed of 25 m.p.h. The second placard indicated a maximum speed of 30 m.p.h.

### Plaintiff's Argument

In his motion to exclude evidence of the placards, the Plaintiff argues that the warnings on the placards are private rules and therefore are inadmissible in evidence under Virginia law. In support of his position, the Plaintiff relies on the established Virginia rule that "private rules are inadmissible in evidence either for or against a litigant who is not a party to such rules." *Pullen v. Nickens*, 226 Va. 342, 351, 310 S.E.2d 452 (1983). This rule is

centered on the notion that "a person cannot, by the adoption of private rules, fix the standard of his duty to others." *Id.* at 350 (quoting *Virginia R. & P. Co. v. Godsey*, 117 Va. 167, 168, 83 S.E. 1072 (1915)). In other words, generally one's legal duties owed to another are determined by statutory or common law, not private rules or regulations. Thus, the Plaintiff argues that evidence of the placards should be excluded.

### Defendant's Argument

In opposition to the Plaintiff's motion to exclude evidence, the Defendant seems to concede that evidence of the placards may be inadmissible for purposes of the Defendant's contributory negligence defense, but nevertheless argues that evidence of the placards should remain admissible for purposes of the Defendant's assumption of risk defense. See Defendant's Response in Opposition to Plaintiff's Motion in Limine to Exclude Evidence at 2. The Defendant points out that while the two defenses are similar, assumption of risk is separate and distinct from contributory negligence. See *Holland v. Shively*, 243 Va. 308, 311, 415 S.E.2d 222 (1992). This distinction is evident in the different tests used for each defense. Contributory negligence employs an objective test, i.e., "whether a plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances." *Id.* 243 Va. 308. Assumption of risk, however, entails a subjective test, i.e., "whether a plaintiff fully understood the nature and extent of a known danger and voluntarily exposed himself to it." *Id.* at 311-12. Thus, the defense of assumption of risk requires inquiry into what a particular plaintiff saw, knew, understood, or appreciated in a given situation. See *Amusement Slides Corp. v. Lehmann*, 217 Va. 815, 818-19, 232 S.E.2d 803 (1977). Therefore, the Defendant argues, because the Plaintiff's knowledge of risk is "essential" to the defense of assumption of risk, evidence of the placards should be admitted to determine whether the placards caused the Plaintiff to know of a risk and whether the Plaintiff voluntarily assumed such risk. *Id.* at 819 (quoting *Budzinski v. Harris*, 213 Va. 107, 110, 189 S.E.2d 372 (1972)).

### Discussion

After a review of the authority, the Court concludes that, although inadmissible for purposes of the Defendant's contributory negligence defense, evidence of the placards should be admissible for purposes of the Defendant's assumption of risk defense.

Under *Pullen*, the placards are not admissible for purposes of the Defendant's contributory negligence defense. Because the duty of care is set by law, not private rules, the Defendant may not claim that the Plaintiff's failure to follow private rules was objectively unreasonable and thus constituted contributory negligence. See *Pullen*, 226 Va. at 350. *Pullen's* prohibition on admission of private rules is centrally concerned with the possible use of private rules to fix or alter the legal standard of care. See *id.* As this Court has previously observed, "the rationale behind the [*Pullen*] rule is not to penalize organizations for having higher standards in their private organization than the law requires." *Roller v. Jane*, 43 Va. Cir. 321, 322 (1997). Further, allowing the admission of private rules in evidence "would encourage organizations to adopt the minimal standard acceptable at law in order to avoid potential liability." *Id.*

The reasoning behind *Pullen*, however, does not apply equally in the assumption of risk context. To make out an assumption of risk defense, a defendant must show that a plaintiff "understood the nature and extent of a known danger and voluntarily exposed himself to it." *Holland*, 243 Va. at 311-12. Necessary to this showing is proof of a plaintiff's knowledge of a risk. See *Amusement Slides Corp.*, 217 Va. at 819. If, as here, a plaintiff's knowledge of a risk arose from his exposure to private rules, it seems a defendant must be able to establish that connection in order to present his defense. Thus, in the assumption of risk context, private rules are not introduced to show that the plaintiff's failure to follow them was unreasonable and hence negligent (which would be improper under *Pullen*); rather they are introduced to establish that a plaintiff understood and assumed the risk in question.