PRESENT:  All the Justices

WILLIAM M. SALES

                                    OPINION BY
v.         Record No. 090143     JUSTICE S. BERNARD GOODWYN
                              February 25, 2010
KECOUGHTAN HOUSING COMPANY,
LTD., ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge

In this appeal we consider whether the circuit court erred in sustaining a demurrer filed by a landlord and its agent, when a tenant claimed to have suffered personal injuries and property damage as a result of misrepresentations and negligent repairs.

William M. Sales (Sales) filed a complaint against Kecoughtan Housing Company (Kecoughtan) and Abbitt Management, Inc. (Abbitt) alleging one count of defective repair, one count of actual fraud and one count of constructive fraud. Kecoughtan and Abbitt filed a demurrer to the complaint. The circuit court sustained the demurrer as to all three counts and granted Sales leave to amend. Sales filed an amended complaint, expanding upon but including the same three counts. Kecoughtan and Abbitt both filed demurrers to the amended complaint. After argument, the circuit court sustained the demurrers as to all counts and dismissed the amended complaint with prejudice. Sales appeals.

Facts

The circuit court decided this case upon a demurrer without an evidentiary hearing. Thus, we will summarize the facts as alleged in the pleadings. Eagle Court Condominium Unit Owners Ass'n v. Heatilator, Inc., 239 Va. 325, 327, 389 S.E.2d 304, 304 (1990). In doing so, we consider the facts stated and all those reasonably and fairly implied in the light most favorable to the nonmoving party, Sales. Yuzefovsky v. St. John's Wood Apartments, 261 Va. 97, 102, 540 S.E.2d 134, 137 (2001).

Sales entered into a rental agreement for an apartment owned by Kecoughtan. Throughout the time of Sales' tenancy, Kecoughtan employed Abbitt to manage the apartment where Sales resided. After possessing the apartment for several months, Sales informed Abbitt that there was mold growing in the property and requested repair. Abbitt, acting as an agent for and in concert with Kecoughtan, entered the property to repair the moldy areas of the property. Thereafter, Abbitt repeatedly told Sales that the mold problem had been remedied and that the property was safe for habitation. Based upon Abbitt's representations about the repairs, Sales continued to reside in the apartment and made payments pursuant to the terms of the rental agreement.

2

A few months later, mold began growing in Sales' eye. Sales claims this has caused him serious and permanent injury for which he has received, and in the future will continue to receive, medical and hospital care and treatment. He also alleges that mold infested and destroyed all his personal property kept in the apartment.

In his amended complaint, Sales claims that Abbitt performed the mold repairs in a careless, reckless and negligent manner, resulting in the continued growth and spread of mold in the property. Specifically, Sales claims that Abbitt painted over the mold and did not perform any other remediation, and that Abbitt knew or should have known that painting over the mold would not remedy the mold problem. Sales alleges that as a result of the negligence of Kecoughtan and Abbitt in repairing the property, he suffered serious and permanent injuries to his eye as well as damage to his personal property.

Sales also asserts causes of action for actual and constructive fraud, claiming that Kecoughtan and Abbitt knew that the repairs made by Abbitt were totally insufficient, but knowingly misrepresented to Sales that the repairs were adequate, that the mold problem had been remedied and that the property was safe for habitation, with the intent of inducing Sales to continue in his tenancy in the property. Sales claims

3

that he reasonably relied on these false representations and was damaged as a result. Sales also claims that if the misrepresentations were innocently or negligently made, he still reasonably relied upon them and was damaged as a result thereof.

## Analysis

The purpose of a demurrer is to determine whether a complaint states a cause of action upon which relief may be granted. Tronfeld v. Nationwide Mutual Ins. Co., 272 Va. 709, 712-13, 636 S.E.2d 447, 449 (2006); Welding, Inc. v. Bland County Service Auth., 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001). "A demurrer admits the truth of all properly pleaded material facts. 'All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading.'" Dodge v. Randolph-Macon Woman's College, 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008) (citation omitted); accord Tronfeld, 272 Va. at 713, 636 S.E.2d at 449; Fuste v. Riverside Healthcare Ass'n, 265 Va. 127, 131, 575 S.E.2d 858, 861 (2003). On appeal, the granting of a demurrer is reviewed de novo because it is a question of law. Mark Five Construction, Inc. v. Castle Contractors, 274 Va. 283, 287, 645 S.E.2d 475, 477 (2007).

Sales claims that his amended complaint properly pleads a cause of action for defective repair. He argues that the

4

amended complaint states that Abbitt, acting as agent for and in concert with Kecoughtan, entered the property for the purpose of making repairs. Sales claims that Abbitt performed the repairs in a careless, reckless and negligent manner, and that as a result of the defendants' negligence, mold began growing in Sales' eye and infested and destroyed Sales' personal property in the apartment.

Kecoughtan and Abbitt claim that Sales failed to state a cause of action for negligent repair because there is no allegation that the defective condition resulted from Abbitt's repairs. Kecoughtan and Abbitt argue that in order to be liable for breach of the duty to make repairs in a non-negligent fashion, the repairs must create the danger that causes the injury, i.e., the repairs must result in a new danger. They point out that because the painting over the mold did not create any new defective condition, Kecoughtan and Abbitt should not be held liable for the injuries resulting from the mold.

Although a landlord does not have a common law duty to make repairs after delivering possession to the tenant, see Paytan v. Roland, 208 Va. 24, 26, 155 S.E.2d 36, 37 (1967), where the landlord enters leased premises for the purpose of making repairs, he must use reasonable care in performing the work. Holland v. Shively, 243 Va. 308, 311, 415 S.E.2d 222,

5

224 (1992). "In order to recover against the landlord for injuries arising from a defective condition resulting from the repairs, the tenant has the burden of proving that the landlord failed to use reasonable care. The mere fact that a defect remained after the work was done is not alone sufficient." Kesler v. Allen, 233 Va. 130, 133, 353 S.E.2d 777, 779-80 (1987) (citing Oden v. Housing Authority, 203 Va. 638, 640, 125 S.E.2d 843, 845 (1962)).

In Holland, the plaintiff was injured on the steps of the porch of the subject property following the landlord's negligent repair of the porch. 243 Va. at 310, 415 S.E.2d at 223. As in the instant case, the danger that led to the Holland plaintiff's injury was not a new condition created by the landlord's attempt to repair. The plaintiff was injured by the faulty steps, which existed before and after the landlord's repair. Id. However, this Court stated:

> We hold that the record contains sufficient evidence upon which the jury could have relied to find that Mr. Shively was negligent. Before Mrs. Holland fell, her husband had fallen through the porch. Thereafter Mr. Shively entered the premises and repaired a portion of the porch. The jury was entitled to find that Mr. Shively was negligent because his actions of merely removing the rotten boards did not correct the defects in the steps which are an integral component of the porch.

Id. at 311, 415 S.E.2d at 224.

6

Applying these well-established principles, we hold that Sales pled a cause of action for negligent repair sufficient to withstand a demurrer. The amended complaint states that Abbitt, acting as agent for and in concert with Kecoughtan, entered the property for the purpose of making repairs, that it performed the repairs in a careless, reckless and negligent manner, and that as a result of the negligent conduct, mold began growing in Sales' eye and infested his property, causing personal injury and property damage. The circuit court erred in granting the demurrer on the defective repair cause of action, and the plaintiff should be given the opportunity to prove his allegations concerning the negligence of Kecoughtan and Abbitt and that such negligence proximately resulted in Sales' alleged damages.

Sales asserts causes of action for fraud, both actual and constructive, based on Kecoughtan's and Abbitt's alleged misrepresentations that the property was safe for habitation and that the mold problem had been remedied. Kecoughtan and Abbitt argue that Sales fails to state a cause of action for actual or constructive fraud because the claimed representations that the apartment was safe for habitation and

that the mold problem had been remedied were matters of opinion and not statements of fact.[*]

In order to state a cause of action for fraud, a plaintiff must plead that there was "a false representation of a material fact, made intentionally and knowingly, with intent to mislead." Elliott v. Shore Stop, Inc., 238 Va. 237, 244, 384 S.E.2d 752, 756 (1989). The plaintiff must also plead that he relied on that false representation and his reliance led to damages. Id. In order to state a cause of action for constructive fraud, the plaintiff is only required to plead that the false representation was made innocently or negligently, while all other elements remain the same. Prospect Dev. Co. v. Bershader, 258 Va. 75, 86, 515 S.E.2d 291, 297 (1999). An action based on fraud may not be predicated on unfulfilled promises or statements about future events. Id. Further, the statement that serves as the foundation for an action in fraud, either actual or constructive, must be a misrepresentation of an existing fact and not the expression of an opinion. McMillion v. Dryvit Systems, Inc., 262 Va. 463, 471, 552 S.E.2d 364, 368-69 (2001).

---

[*] An appellate court's consideration of the demurrer on appeal is limited to the grounds raised by the demurrer. McMillion v. Dryvit Systems, Inc., 262 Va. 463, 470, 552 S.E.2d 364, 368 (2001).

8

Whether a statement is a statement of fact or a statement of opinion is determined on a case-by-case basis, "taking into consideration the nature of the representation and the meaning of the language used as applied to the subject matter and as interpreted by the surrounding circumstances." Packard Norfolk, Inc. v. Miller, 198 Va. 557, 562, 95 S.E.2d 207, 211 (1956). In Packard, this Court held that the statement that a car was in perfect condition was "a representation as to the present quality or character of the article" and "clearly a representation of fact and not a promise as to something to be done in the future." Id. at 563, 95 S.E.2d at 211. In Tate v. Colony House Builders, 257 Va. 78, 83-84, 508 S.E.2d 597, 600 (1999), this Court stated that "the new dwelling house was fit for habitation" was a statement of fact because it was a representation of the present quality or character of the property.

In this case, we hold that Abbitt's alleged statements that the apartment was safe for habitation and that the mold problem had been remedied were statements of the present quality or character of the instant property, and thus statements of fact rather than opinion. These statements are alleged in the amended complaint to be misrepresentations of a material fact that were made to Sales, that Sales relied upon them, and that he was damaged as a result thereof. Thus,

9

whether made intentionally or negligently, these alleged statements may serve as a basis for an action for actual or constructive fraud. The circuit court erred in sustaining the demurrer and dismissing Sales' claims for actual and constructive fraud.

## Conclusion

For the foregoing reasons, we hold that the circuit court erred in sustaining the defendants' demurrer to Sales' amended complaint. Accordingly, we will reverse the judgment of the circuit court and remand this matter to the circuit court for further proceedings.

<u>Reversed and remanded.</u>