## CIRCUIT COURT OF THE CITY OF RICHMOND

Tyrone Jenkins

v.

ICAFS, Inc.,
t/a General Services Corp.,
and SJW, L.L.L.P.

June 14, 2012

Case No. CL11-3396

By Judge Melvin R. Hughes, Jr.

On April 23, 2012, the court heard argument on defendants' Demurrer to plaintiff's Second Amended Complaint. The case concerns a claim for personal injury by an invitee against a landlord and its managing agent. The issues revolve around whether the host tenant has been given exclusive control of the premises and whether the claims in tort are viable.

The Second Amended Complaint alleges negligence generally, more specifically, the claims can be categorized as negligent repair or replacement, negligent failure to maintain, and failure to warn of dangerous condition and fraudulent concealment.

The purpose of a demurrer is to determine "whether a motion for judgment states a cause of action upon which the requested relief may be granted." *Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 204, 645 S.E.2d 290, 293 (2007) (citation omitted). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003).

Plaintiff was injured when he used a pull-down stairway to an attic on premises, which his estranged wife leased under a written lease agreement recently executed with the landlord. Under the Virginia Residential Landlord and Tenant Act (VRTLA) and the Virginia Landlord Tenant Act (VLTA), "tenant" is defined as a "person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others. . . ." Va. Code §§ 55-225.8 and 55-248.4. As stated in the Second Amended Complaint, plaintiff's wife

was "under a written lease agreement." (2d Am. Compl. ¶ 6.) The signed written lease agreement made plaintiff's wife a tenant or a person entitled to occupy the subject townhouse property to the exclusion of others. Thus, as alleged and consistent with law, plaintiff's wife had exclusive possession and control of the demised premises at the time and, except for other circumstances, is solely answerable to claims or injury by an invitee. Those other circumstances apply to make the landlord answerable to claims of injury and extend to an invitee when the claim is based on fraudulent concealment of a known defect.

> On the owner's surrender of control of the premises to his lessee, in the absence of any warranty of their condition or fraudulent concealment of known defects, or agreement to repair, he is not liable to the lessee or to his invitees for defects known to the lessee, or which he could have discovered by reasonable inspection, *and the invitee stands in the shoes of the lessee with respect to his right to recover from the lessor.*

*Appalachian Power Co. v. Sanders*, 232 Va. 189, 193, 349 S.E.2d 101, 104 (1986) (citation omitted; emphasis added).

Recently, the Supreme Court of Virginia in *Steward v. Holland Family Props., L.L.C.*, said that "the VRLTA does not create a duty of care based in tort on a landlord subject to the VRTLA . . . the lack of such a tort-based duty precludes a cause of action based on a violation of the VRTLA or on negligence per se." *Steward v. Holland Family Props., L.L.C.*, 284 Va. 282 (2012).

In *Steward*, the court adhered to the established rule that, in the absence of fraud or concealment, a landlord has no duty of care to maintain or repair leased premises when the right of possession and enjoyment of the premises has passed to the lessee. *Id. See also Caudill v. Gibson Fuel Co.*, 185 Va. 233, 239, 38 S.E.2d 465, 469 (1946). In cases where the landlord undertakes a repair upon an agreement to do so, a negligence claim can be maintained when an invitee is injured on the basis that the repair was done negligently; under common law . . . a landlord is only liable where he conceals a defect or undertakes to repair the property and is negligent in doing so. *Sales v. Kecoughtan*, 279 Va. 475, 690 S.E.2d 91 (2010). Here, there is no allegation that the landlord ever agreed with the tenant to repair the stairs and that the repair was not conducted properly, resulting in injury.

As mentioned, where the right of possession and enjoyment of the leased premises passes to the lessee, the cases are generally in agreement that, in the absence of concealment or fraud by the landlord as to some defect in the premises known to him and unknown to the tenant, the tenant takes the premises in whatever condition they may be in, thus assuming all risk of personal injury from defects therein.

In this instance, plaintiff alleges fraudulent concealment, though the Complaint does not specifically use the term "fraudulent concealment." Plaintiff contends that the Second Amended Complaint contains sufficient allegations to establish liability under that theory. However, defendants argue that fraudulent concealment must be pleaded with particularity. The court agrees.

In Virginia courts, "[where] fraud is relied on, the pleading must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defense accordingly, and, since fraud must be clearly proved, it must be distinctly stated." *Martarino v. Consultant Eng'g Services*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996). For example, in pleading fraud with particularity, the identities of the individuals or their agents, officers, and employees who are alleged to have perpetrated the fraud must be revealed, as well as the details of the time and place where the fraudulent acts occurred and the specific acts complained of. *Tuscarora v. B.V.A.*, 218 Va. 849, 858, 241 S.E.2d 778 (1978).

Here, plaintiff has made no identifications of those who allegedly perpetrated the fraud. More importantly, missing are the details of the time and place where the fraudulent acts occurred and the specific acts complained of. Plaintiff merely alleges that defendants knew of the condition of the ladder due to prior repair work performed and concealed such a defect. (2d Am. Compl. ¶¶ 17, 24, 26, 27.) Thus, plaintiff has failed to make sufficient allegations to meet the requirements of a case for fraudulent concealment.

Accordingly, defendants' Demurrer is sustained as to the tort-based claims in the Second Amended Complaint for the above-mentioned reasons. Plaintiff will have twelve days from the entry of order to file a third amended complaint as to fraudulent concealment. Defendants have seven days after receipt of such to respond if a third amended complaint is filed.